FILED

MAY - 6 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF TEXAS**

**SAN ANTONIO DIVISION**

CASE NO. SA26CA3000 OG

*ALMA LILIA GUERRERO,*

*Plaintiff,*

*v.*

*EQUIFAX, INC.;*

*EXPERIAN SERVICE CORP.;*

*TRANS UNION LLC;*

*TRUIST BANK*

*Defendants.*

**PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiff, Alma Lilia Guerrero ("Plaintiff"), brings this action against Defendants, Equifax, Inc., Experian Service Corp., Trans Union LLC, and Truist Bank (collectively, "Defendants"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), arising from Defendants' repeated failure to conduct a reasonable reinvestigation and correct inaccurate, misleading, and unverifiable information appearing on Plaintiff's consumer credit file after receiving multiple detailed written disputes from Plaintiff. Despite having clear notice—via certified mail, regulatory complaints, and follow-up correspondence—of specific errors regarding disputed tradelines, unauthorized hard inquiries, inaccurate reporting fields, and materially misleading reporting notations, Defendants have willfully and negligently continued to furnish, verify, and report false and misleading information. Defendants' conduct has caused actual damages, including but not limited to denial of credit, loss of credit opportunities, harm to reputation, diminished creditworthiness, and

emotional distress. Plaintiff now seeks statutory damages, actual damages, punitive damages, costs, and such other relief as the Court deems just and proper and demands trial by jury on all triable issues.

## INTRODUCTION

1. This is an action for damages brought by Plaintiff, Alma Lilia Guerrero ("Plaintiff"), against Defendants Equifax, Inc., Experian Service Corp., Trans Union LLC, and Truist Bank (collectively "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and other applicable laws.

2. Defendants have willfully and/or negligently failed to employ and follow reasonable procedures to assure maximum possible accuracy of the credit information they publish, verify, and furnish about Plaintiff, in violation of 15 U.S.C. § 1681e(b).

3. Defendants have willfully and/or negligently failed to conduct proper and lawful reinvestigations of Plaintiff's written disputes and have willfully and/or negligently failed to delete, correct, or verify inaccurate, incomplete, misleading, and unverifiable information in Plaintiff's consumer credit files, in violation of 15 U.S.C. §§ 1681i and 1681s-2(b).

4. Despite receiving multiple written disputes via certified mail, regulatory complaints through the Consumer Financial Protection Bureau and the Better Business Bureau, and a formal Notice of Intent to Sue, Defendants have continued to report false and misleading information to third parties, including prospective creditors, resulting in adverse credit decisions, denial of credit, loss of credit opportunities, increased interest exposure, harm to Plaintiff's reputation, diminished creditworthiness, and significant emotional distress.

5. Plaintiff seeks statutory damages, actual damages, punitive damages, costs, attorney's fees were permitted by law, and all other relief the Court deems just and proper, and demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 15 U.S.C. § 1681p.

7. Jurisdiction of the Court arises pursuant to 15 U.S.C. § 1681p, which provides that such actions may be brought and heard before any appropriate United States district court without regard to the amount in controversy.

8. Venue and personal jurisdiction in this District are proper because Defendants do business or transact business within this District, maintain registered agents for service of process within this District, and a material portion of the events giving rise to this action occurred in this District, including the transmission, receipt, and continued reporting of inaccurate credit information concerning Plaintiff.

## PARTIES

9. Plaintiff, Alma Lilia Guerrero ("Plaintiff"), is a natural person and consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c), residing in San Antonio, Bexar County, Texas, within the Western District of Texas, San Antonio Division.

10. Defendant Experian Service Corp. is a corporation doing business in the State of Texas and may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

11. Defendant Trans Union LLC is a limited liability company doing business in the State of Texas and may be served through its registered agent, Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

12. Defendant Equifax, Inc. is a corporation doing business in the State of Texas and may be served

through its registered agent, Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

13. Defendant Truist Bank is a financial institution and furnisher of credit information doing business in the United States and may be served at 214 N Tryon Street, Charlotte, North Carolina 28202, Mecklenburg County.

## GENERAL ALLEGATIONS

14. Plaintiff alleges that Defendant(s) are incorrectly reporting that Plaintiff's account is closed, with inaccurate high credit limit, with inaccurate date last active, and with incomplete and inaccurate payments history.
15. Plaintiff alleges that if a data furnisher decides to report an account, the FCRA requires complete and accurate reporting; therefore, a data furnisher cannot pick and choose which portions of the account to report. If a data furnisher reports an account, then it should report all portions of that account in a manner which complies with the maximum accuracy and completeness standard of the FCRA.
16. Plaintiff alleges that Defendant(s) are familiar with the FCRA requirements and credit reporting industry standards and subscribes thereto.
17. Plaintiff alleges that Defendant(s) understands that deviation from the FCRA requirements or credit reporting industry standards can, and often does, result in the denial of credit, higher interest rates, and prompts a negative inference that would not be drawn if the data were reported in accordance with the recognized standards.
18. Plaintiff alleges that Defendant(s) actions alleged herein were committed knowingly, intentionally, and in reckless disregard of the unambiguous meaning of the FCRA, regulatory guidelines on accurate reporting, and credit reporting industry standards to purposefully undermine Plaintiff's ability to repair his credit score.

19. In the alternative, Plaintiff alleges that Defendant(s) actions were the result of negligent policies, procedures, and an objectively unreasonable interpretation of the FCRA, all which inevitably led to inaccurate, misleading, or incomplete credit reporting.

## FACTUAL ALLEGATIONS

20. Plaintiff is a "consumer" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

21. Defendants are each a "person" and/or "consumer reporting agency" and/or "furnisher" of credit information within the meaning of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681a(b), 1681a(f), and 1681s-2. Plaintiff specifically disputed the continued reporting of multiple tradelines due to inaccurate reporting of the Date Opened, Balance, High Credit, Credit Limit, and Date Last Reported, including but not limited to the following accounts:

- AMEX — Account 34999319**
- DISCOVER CARD — Account 60110144**
- AMEX — Account 34999305**
- JPMCB CARD — Account 41472024**
- SEC SVC FCU — Account 53631912**
- SEC SVC FCU — Account 55934760**
- SEC SVC FCU — Account 469940**
- NISSN INF LT — Account 2901033**
- AMEX — Account 34999301**
- AMEX — Account 34999296**
- TRUIST — Account 45133600**
- BANK OF AMERICA — Account 74**

22. Plaintiff specifically disputed multiple unauthorized hard inquiries as lacking a permissible purpose under 15 U.S.C. § 1681b, including but not limited to:

FIRST TECH FCU — 12/13/2025

NCCINC / GRUBBS INFINITI — 12/13/2025

CUDL / VANTAGE WEST CU — 12/13/2025

LENTEGRITY LLC / DEFI — 12/13/2025

PNC BANK — 12/13/2025

NISSAN MOTOR ACCEPTANCE — 12/13/2025

BETHPAGE FEDERAL CU — 12/13/2025

BANK OF AMERICA (Credit Card) — 05/22/2024

CAPITAL ONE AUTO FINANCE — 01/31/2024

BANK OF AMERICA — 01/31/2024

**A. Equifax, Inc**

23. On January 10, 2026, Plaintiff mailed a formal written dispute to Defendant **Equifax, Inc.** via USPS Certified Mail No. 9214 8901 4298 0442 4478 15, disputing inaccurate personal information, multiple inaccurate tradelines, and unauthorized hard inquiries appearing on Plaintiff's consumer credit file pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

24. On January 16, 2026, United States Postal Service certified mail records confirmed delivery of Plaintiff's written dispute, USPS Certified Mail No. 9214 8901 4298 0442 4478 15, to **Equifax, Inc** in Atlanta, Georgia, thereby establishing actual notice and receipt by Defendant.

25. Despite receipt of Plaintiff's dispute, Defendants failed to conduct a lawful and reasonable reinvestigation of the disputed information and continued to report inaccurate, incomplete, and misleading information on Plaintiff's credit files.

26. On February 17, 2026, Plaintiff mailed a Second Notice of Dispute via certified mail to **Equifax, Inc,** specifically identifying continued inaccuracies in tradeline reporting, inconsistent account data, and unauthorized hard inquiries, and demanding reinvestigation and deletion of unverifiable information.

27. On February 22, 2026, USPS tracking confirmed that Plaintiff's second certified mailing arrived in Atlanta, Georgia and was marked "Available for Pickup," followed by a "Pickup Reminder," thereby establishing constructive receipt and notice to Defendant.

28. Thereafter, Plaintiff filed a formal complaint with the Consumer Financial Protection Bureau (CFPB) on or about February 19, 2026, placing Defendants on additional regulatory notice of the disputed reporting and failure to conduct a lawful reinvestigation.

29. On February 20, 2026, Plaintiff filed a formal complaint with the Better Business Bureau ("BBB") against Defendant **Equifax, Inc.**, further placing Defendant on additional notice of the disputed tradelines, unauthorized inquiries, materially misleading fraud alert notation, and continued failure to maintain maximum possible accuracy and conduct a lawful reinvestigation as required under 15 U.S.C. §§ 1681e(b) and 1681i(a).

30. On February 26, 2026, **Equifax, Inc** issued a generic dispute response refusing to meaningfully reinvestigate the disputed items and stating that Plaintiff's new dispute would be treated as duplicative or frivolous, despite the submission of additional relevant documentation and specific factual inaccuracies.

31. On March 3, 2026, Plaintiff received an Adverse Action Notice from Credit Human Federal Credit Union denying Plaintiff's credit application, with the adverse decision based in whole or in part on information furnished by Defendants, thereby causing actual damages including denial of credit and loss of credit opportunities.

32. On March 24, 2026, Plaintiff served a formal Notice of Intent to Sue upon **Equifax, Inc** placing Defendant on final notice of the statutory violations and preserving Plaintiff's claims for negligent and willful noncompliance under 15 U.S.C. §§ 1681n and 1681o.

33. On March 30, 2026, United States Postal Service certified mail records confirmed delivery of Plaintiff's Notice of Intent to Sue, sent via USPS Certified Mail No. 9214 8901 4298 0470 5663 28, in Austin, Texas 78701 at 3:05 p.m., thereby establishing actual receipt and notice to Defendant through its registered agent.

Upon information and belief, the notice was accepted and signed for by Carlos Mendoza on behalf of Defendant.

34. Defendants Equifax, Inc, Experian Service Corp, Trans Union LLC and Truist Bank failed to conduct a lawful and reasonable reinvestigation as required by 15 U.S.C. § 1681i, failed to delete or correct the inaccurate, incomplete, misleading, and unverifiable information identified in Plaintiff's written disputes, and continued to report and publish such information to third parties, including prospective creditors and other users of Plaintiff's consumer reports.

35. As a direct and proximate result of Defendants' actions and omissions, Plaintiff has suffered actual damages, including but not limited to loss of credit opportunities, denial of credit, damage to credit reputation, increased interest rates, diminished creditworthiness, and emotional distress.

**B. Experian Service Corp.**

36. On January 10, 2026, Plaintiff mailed a formal written dispute to Defendant **Experian Service Corp** via USPS Certified Mail No. 9214 8901 4298 0442 4475 25, disputing inaccurate personal information, multiple inaccurate tradelines, materially misleading account fields, and unauthorized hard inquiries appearing on Plaintiff's consumer credit file pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

37. On January 16, 2026, at 11:25 a.m., United States Postal Service certified mail records confirmed delivery of Plaintiff's written dispute, USPS Certified Mail No. 9214 8901 4298 0442 4475 25, to Defendant Experian Service Corp in Allen, Texas 75013, thereby establishing actual notice and receipt by Defendant. The USPS proof of delivery further reflects that the item was accepted and signed for by Lance Rawlings at 701 Experian Parkway.

38. Despite receipt of Plaintiff's January 10, 2026, dispute, Defendant Experian failed to provide any timely written response, investigation results, method of verification, or corrected consumer report within the thirty-

day statutory period required by 15 U.S.C. § 1681i(a)(1).

39. On February 17, 2026, after expiration of the statutory reinvestigation period, Plaintiff mailed a Second Formal Notice of Dispute and Notice of Failure to Respond to Defendant Experian via USPS Certified Mail No. 9214 8901 4298 0447 0361 68, specifically identifying continued inaccuracies in tradeline reporting, materially inconsistent account data, unauthorized inquiries, and Defendant's failure to respond to the original dispute.

40. On February 19, 2026, Plaintiff filed a formal complaint with the Consumer Financial Protection Bureau ("CFPB") against Defendant Experian, placing Defendant on additional regulatory notice of the disputed reporting, failure to conduct a lawful reinvestigation, and continued publication of inaccurate and unverifiable information.

41. On February 21, 2026, Plaintiff filed a formal complaint with the Better Business Bureau ("BBB") against Defendant Experian, further placing Defendant on notice of the disputed tradelines, unauthorized inquiries, materially misleading fraud alert notation, and continued failure to maintain maximum possible accuracy and conduct a lawful reinvestigation as required under 15 U.S.C. §§ 1681e(b) and 1681i(a).

42. On February 22, 2026, at 12:40 p.m., USPS tracking confirmed delivery of Plaintiff's second written dispute, USPS Certified Mail No. 9214 8901 4298 0447 0361 68, to Defendant Experian in Allen, Texas 75013, thereby establishing continued actual notice and receipt by Defendant. The USPS proof of delivery further reflects that the item was accepted and signed for by Lance Rawlings at 701 Experian Parkway.

43. In Plaintiff's renewed written dispute to Defendant **Experian Service Corp.,** Plaintiff specifically disputed multiple unauthorized hard inquiries as lacking a permissible purpose under 15 U.S.C. § 1681b, including but not limited to:

- FIRST TECH FCU — 12/13/2025
- NCCINC / GRUBBS INFINITI — 12/13/2025

- CUDL / VANTAGE WEST CU — 12/13/2025
- LENTEGRITY LLC / DEFI — 12/13/2025
- PNC BANK — 12/13/2025
- NISSAN MOTOR ACCEPTANCE — 12/13/2025
- BETHPAGE FEDERAL CU — 12/13/2025
- BANK OF AMERICA (Credit Card) — 05/22/2024
- CAPITAL ONE AUTO FINANCE — 01/31/2024
- BANK OF AMERICA — 01/31/2024

44. Plaintiff expressly demanded that, if Defendant Experian claimed any such inquiries had been verified, Defendant disclose the permissible purpose relied upon and provide the method of verification pursuant to 15 U.S.C. § 1681i(a)(6)(B)(iii).

45. Despite actual notice of the disputed unauthorized inquiries, Defendant Experian failed to provide competent documentary evidence establishing a lawful permissible purpose and continued to report said inquiries.

46. Plaintiff further renewed the dispute of multiple tradelines due to inaccurate reporting of the Date Opened, Balance, High Credit, Credit Limit, and Date Last Reported, including but not limited to:

- AMEX — Account 34999319**
- DISCOVER CARD — Account 60110144**
- AMEX — Account 34999305**
- JPMCB CARD — Account 41472024**
- SEC SVC FCU — Account 53631912**

- SEC SVC FCU — Account 55934760**
- SEC SVC FCU — Account 469940**
- NISSN INF LT — Account 2901033**
- AMEX — Account 34999301**
- AMEX — Account 34999296**
- TRUIST — Account 45133600**
- BANK OF AMERICA — Account 74**

47. Plaintiff demanded that Defendant Experian conduct a lawful reinvestigation of each disputed reporting field and delete any information that could not be independently verified pursuant to 15 U.S.C. § 1681i(a)(5)(A).

48. Despite actual notice of these disputed tradelines and reporting fields, Defendant Experian continued to publish and verify the inaccurate account information to third parties.

49. On or about February 25, 2026, Defendant Experian issued a generic dispute response and reinvestigation result under Report No. 3024-5705-48, claiming that the disputed information had been verified and remained unchanged.

50. Defendant Experian's response failed to provide an adequate method of verification, failed to disclose competent documentary evidence from furnishers, and failed to delete or correct inaccurate, incomplete, misleading, and unverifiable information.

51. On March 3, 2026, Plaintiff received an Adverse Action Notice from Credit Human Federal Credit Union denying Plaintiff's requested personal loan, with the adverse decision based in whole or in part upon information furnished by Defendant Experian.

52. On March 24, 2026, Plaintiff served a formal Notice of Intent to Sue upon Defendant Experian through its registered agent, CT Corporation System, via USPS Certified Mail No. 9214 8901 4298 0470 5657 27, placing

Defendant on final notice of its statutory violations.

53. On March 31, 2026, at 2:32 p.m., United States Postal Service certified mail records confirmed delivery of Plaintiff's Notice of Intent to Sue, USPS Certified Mail No. 9214 8901 4298 0470 5657 27, in Dallas, Texas 75201, thereby establishing actual receipt and notice to Defendant through its registered agent. The USPS proof of delivery further reflects that the item was accepted and signed for by Chris Wells at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

54. Defendant Experian failed to conduct a lawful and reasonable reinvestigation as required by 15 U.S.C. § 1681i, failed to delete or correct the inaccurate, incomplete, misleading, and unverifiable information identified in Plaintiff's written disputes, and continued to report and publish such information to third parties.

55. As a direct and proximate result of Defendant Experian's actions and omissions, Plaintiff has suffered actual damages, including denial of credit, loss of credit opportunities, damage to credit reputation, increased interest rates, diminished creditworthiness, and emotional distress.

**B. Trans Union LLC**

56. On January 10, 2026, Plaintiff mailed a formal written dispute to Defendant Trans Union LLC via USPS Certified Mail No. 9214 8901 4298 0442 4478 77, disputing inaccurate personal information, materially inaccurate tradelines, and unauthorized hard inquiries appearing on Plaintiff's TransUnion consumer credit file.

57. The January 10, 2026 dispute specifically challenged multiple tradelines for inaccurate reporting of the Date Opened, Balance, High Credit, Credit Limit, and Date Last Reported, including but not limited to AMEX, Discover, Security Service FCU, Nissan Infiniti, Truist, and Bank of America accounts.

58. Plaintiff additionally disputed unauthorized hard inquiries lacking a permissible purpose under 15 U.S.C. § 1681b, including inquiries dated 12/13/2025, 10/29/2025, and 01/31/2024.

59. On January 16, 2026, at 11:20 a.m., United States Postal Service records confirmed delivery of Plaintiff's first dispute letter, Certified Mail No. 9214 8901 4298 0442 4478 77, in Chester, Pennsylvania 19013, and the certified mail receipt reflects signature by Alfredo Hewitt, Agent, thereby establishing Defendant's actual receipt and notice.

60. On January 21, 2026, Defendant Trans Union LLC issued a written refusal letter claiming Plaintiff's dispute "did not appear to come from you," despite confirmed certified delivery and enclosed identifying documentation.

61. On February 17, 2026, Plaintiff mailed a Second Formal Notice of Dispute and Renewed Demand for Reinvestigation via USPS Certified Mail No. 9214 8901 4298 0447 0372 88, renewing all previously disputed accounts and unauthorized inquiries.

62. On February 19, 2026, Plaintiff filed a formal complaint with the Consumer Financial Protection Bureau, placing Defendant on additional regulatory notice of continued violations of the Fair Credit Reporting Act.

63. On February 20, 2026, Plaintiff filed a formal complaint with the Better Business Bureau, which was later closed due to Defendant's failure to respond.

64. On February 23, 2026, at 6:05 p.m., United States Postal Service records confirmed delivery of Plaintiff's second dispute letter, Certified Mail No. 9214 8901 4298 0447 0372 88, in Chester, Pennsylvania 19013, and the certified mail receipt reflects signature by Alfredo Hewitt, Agent, thereby establishing continued notice and opportunity to cure.

65. Despite receipt of two formal written disputes and multiple regulatory complaints, Defendant Trans Union LLC failed to conduct a lawful and reasonable reinvestigation and continued to publish inaccurate, incomplete, misleading, and unverifiable information in Plaintiff's consumer report.

66. On March 3, 2026, Plaintiff received an Adverse Action Notice from Credit Human Federal Credit Union, denying Plaintiff's requested loan based in whole or in part upon information contained in Plaintiff's consumer report, thereby establishing actual damages.

67. On March 4, 2026, Defendant Trans Union LLC issued purported reinvestigation results yet continued reporting the disputed tradelines and failed to provide a legally sufficient method of verification pursuant to 15 U.S.C. § 1681i(a)(6)(B)(iii).

68. On March 24, 2026, Plaintiff served a formal Notice of Intent to Sue upon Defendant Trans Union LLC through its registered agent via USPS Certified Mail No. 9214 8901 4298 0470 5663 42.

69. On March 30, 2026, at 3:05 p.m., United States Postal Service records confirmed delivery of Plaintiff's Notice of Intent to Sue, Certified Mail No. 9214 8901 4298 0470 5663 42, in Austin, Texas 78701, and the certified mail receipt reflects signature by Carlos Mendoza, thereby establishing actual pre-suit notice upon Defendant's registered agent.

70. Despite repeated written disputes, regulatory complaints, adverse action damages, and formal pre-suit notice, Defendant Trans Union LLC continued reporting inaccurate, materially misleading, and unverifiable information concerning Plaintiff.

71. Defendant Trans Union LLC failed to maintain reasonable procedures to assure maximum possible accuracy, failed to conduct a lawful and reasonable reinvestigation, failed to disclose the method of verification, and failed to delete information that could not be verified, in violation of 15 U.S.C. §§ 1681e(b), 1681i(a), and 1681b.

72. As a direct and proximate result of Defendant's conduct, Plaintiff suffered actual damages, including denial of credit, loss of credit opportunity, reputational harm, emotional distress, increased borrowing costs, and damage to Plaintiff's creditworthiness.

**C. Truist Bank**

73. Defendant Truist Bank furnished information concerning Account No. 451336000180** to consumer reporting agencies, including Equifax, Experian, and Trans Union.

74. On January 10, 2026, Plaintiff mailed a formal written furnisher dispute to Defendant Truist Bank via USPS Certified Mail No. 9214 8901 4298 0442 4480 72, addressed to Credit Reporting / Consumer Disputes, P.O. Box 85082, Richmond, Virginia 23285, pursuant to 15 U.S.C. § 1681s-2(b).

75. The January 10, 2026, dispute specifically challenged materially inaccurate, incomplete, and unverifiable reporting regarding Account No. 451336000180**, including but not limited to the following disputed data fields:

- Date Opened
- High Credit
- Balance
- Credit Limit
- Date Last Reported
- Date Last Active
- Date of Last Payment

76. Plaintiff specifically disputed that the tradeline information being furnished was internally inconsistent, misleading, and unsupported by competent documentary verification sufficient to satisfy the maximum possible accuracy standard under 15 U.S.C. § 1681e(b).

77. On January 22, 2026, at 10:38 a.m., USPS records confirmed delivery of Plaintiff's first furnisher dispute in Richmond, Virginia 23232 under Certified Mail No. 9214 8901 4298 0442 4480 72.

78. The USPS proof-of-delivery and accompanying signature documentation establish that the January 22, 2026 correspondence was signed for by Wendy Betts, thereby confirming Defendant's actual receipt and notice of the dispute.

79. Despite confirmed delivery and actual notice, Defendant Truist Bank failed to provide any substantive written response, failed to provide documentary verification, and failed to conduct a reasonable investigation.

80. On February 23, 2026, Plaintiff mailed a Second Notice of Dispute – Failure to Respond via USPS Certified Mail No. 9214 8901 4298 0453 2982 60, renewing all previously disputed inaccuracies and placing Defendant on renewed notice of its statutory duties under the FCRA.

81. On February 23, 2026, Plaintiff filed a formal complaint with the Consumer Financial Protection Bureau regarding Defendant's failure to investigate and continued furnishing of inaccurate information.

82. On the same date, Plaintiff filed a formal complaint with the Better Business Bureau documenting Defendant's continued failure to respond and continued reporting of disputed and unverifiable tradeline information.

83. On March 3, 2026, at 12:47 p.m., USPS records confirmed delivery of Plaintiff's second dispute correspondence in Henrico, Virginia 23231 under Certified Mail No. 9214 8901 4298 0453 2982 60.

84. The signature documentation and notice-of-intent exhibits reflect that the March 3, 2026 delivery was signed for by Harris, thereby providing Defendant with an additional opportunity to cure and correct the disputed reporting.

85. Despite receipt of both formal dispute notices, Defendant Truist Bank failed to provide competent documentary verification and continued furnishing the disputed account information.

86. On March 3, 2026, Plaintiff received an Adverse Action Notice from Credit Human Federal Credit Union denying Plaintiff's personal loan application in the amount of $150,000.00, based in whole or in part upon consumer report information.

87. The Adverse Action Notice specifically identifies Equifax as the consumer reporting agency whose information was relied upon in the credit decision, thereby establishing actual damages, loss of credit

opportunity, and harm to Plaintiff's creditworthiness.

88. On March 24, 2026, Plaintiff served Defendant Truist Bank with a formal Notice of Intent to Sue.

89. USPS delivery records confirm that the Notice of Intent to Sue was delivered on March 30, 2026, at 3:05 p.m., in Austin, Texas 78701, under Certified Mail No. 9214 8901 4298 0470 5663 28.

90. The signature card for the March 30, 2026, delivery reflects receipt by Carlos Mendoza, establishing confirmed delivery and actual pre-suit notice.

91. Despite multiple written disputes, two confirmed certified mail deliveries, formal regulatory complaints, and pre-suit notice, Defendant Truist Bank continued furnishing materially inaccurate, incomplete, and unverifiable information concerning Account No. 451336000180**.

92. Defendant failed to conduct a reasonable investigation, failed to review all relevant information provided by Plaintiff, failed to correct or delete unverifiable information, and continued furnishing disputed information in violation of 15 U.S.C. § 1681s-2(b).

93. Defendant's conduct constitutes both negligent noncompliance under 15 U.S.C. § 1681o and willful noncompliance under 15 U.S.C. § 1681n.

94. As a direct and proximate result of Defendant's conduct, Plaintiff suffered denial of credit, damage to creditworthiness, reputational harm, emotional distress, and increased borrowing costs.

95. Defendant's repeated failures after actual notice demonstrate reckless disregard for Plaintiff's federally protected rights under the Fair Credit Reporting Act.

**SUIT 1 - Equifax, Inc.**

**Cause of Action 1 - 15 U.S.C. § 1681e(b) Failure to Maintain Reasonable Procedures to Assure Maximum Possible Accuracy**

96. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

97. Defendant Equifax, Inc. is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

98. Pursuant to 15 U.S.C. § 1681i(a), Equifax is required to conduct a reasonable reinvestigation of disputed information upon receiving notice of a dispute from a consumer.

99. On January 10, 2026, Plaintiff submitted a written dispute to Equifax via certified mail identifying inaccurate tradelines, unauthorized inquiries, and inconsistent reporting.

100. United States Postal Service records confirm that Equifax received the dispute on January 16, 2026, establishing actual notice.

101. Despite receiving actual notice of the dispute, Equifax failed to conduct a reasonable reinvestigation as required by law.

102. Instead, Equifax issued a response on or about January 20, 2026, which failed to address the substance of Plaintiff's disputes and did not reflect any meaningful investigative effort.

103. On February 17, 2026, Plaintiff submitted a second written dispute to Equifax via certified mail reiterating the inaccuracies and Equifax's prior failures.

104. United States Postal Service tracking confirms delivery and constructive receipt of the second dispute on or about February 22, 2026.

105. Equifax thereafter issued a second response on or about February 26, 2026, which again failed to conduct a lawful reinvestigation and failed to provide the method of verification as required under 15 U.S.C. §

1681i(a)(6).

106. Equifax relied on automated processes, including the e-OSCAR system, rather than conducting an independent and reasonable investigation of Plaintiff's disputes.

107. Equifax failed to review all relevant information provided by Plaintiff and failed to verify the accuracy of the disputed information with the original sources.

108. As a result, Equifax continued to report inaccurate, incomplete, and unverifiable information in Plaintiff's credit file.

109. Equifax's failure to conduct a reasonable reinvestigation directly and proximately caused harm to Plaintiff, including denial of credit, damage to credit reputation, and emotional distress.

110. On March 3, 2026, Plaintiff was denied credit by Credit Human Federal Credit Union, which relied upon Equifax's inaccurate reporting.

111. Defendant's conduct constitutes negligent and/or willful noncompliance with the Fair Credit Reporting Act.

112. As a result, Plaintiff is entitled to actual damages, statutory damages, punitive damages, costs, and all other relief available under 15 U.S.C. §§ 1681n and 1681o.

**CAUSE OF ACTION 2 - 15 U.S.C. § 1681i(a)(1) Failure to Conduct Reasonable Reinvestigation of Disputed Items**

113. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

114. Pursuant to 15 U.S.C. § 1681i(a)(1), Defendant Equifax, Inc. is required to conduct a reasonable reinvestigation to determine whether disputed information is inaccurate when a consumer disputes the completeness or accuracy of any item of information contained in their file.

115. Plaintiff notified Equifax of specific inaccuracies in her credit file through multiple written disputes sent via certified mail, including disputes dated January 10, 2026, and February 17, 2026.

116. Despite receiving actual and constructive notice of these disputes, Equifax failed to conduct a reasonable reinvestigation of the disputed items.

117. Equifax failed to review all relevant information provided by Plaintiff and failed to independently verify the accuracy of the disputed information.

118. Instead, Equifax relied on automated processes and superficial verification methods that do not satisfy the statutory requirements of a reasonable reinvestigation.

119. Equifax failed to delete, modify, or correct inaccurate, incomplete, or unverifiable information within Plaintiff's credit file.

120. Equifax failed to provide Plaintiff with the method of verification, including the name, address, and telephone number of the furnisher of information, as required by 15 U.S.C. § 1681i(a)(6).

121. As a direct and proximate result of Equifax's failure to conduct a reasonable reinvestigation, Plaintiff suffered damages including denial of credit, damage to reputation, and emotional distress.

122. Equifax's conduct constitutes negligent and/or willful noncompliance with the Fair Credit Reporting Act.

123. Plaintiff is entitled to actual damages, statutory damages, punitive damages, costs, and all other relief available under 15 U.S.C. §§ 1681n and 1681o.

**CAUSE OF ACTION 3. - 15 U.S.C. § 1681(b) Failure to Delete or Correct Inaccurate, Incomplete, or Unverifiable Information Within the Statutory Period**

124. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

125. Under the Fair Credit Reporting Act, including 15 U.S.C. §§ 1681i(a)(5) and 1681b, a consumer reporting agency must delete or correct inaccurate, incomplete, or unverifiable lawfully extended. Defendant Equifax, Inc. is required under 15 U.S.C. § 1681e(b) to follow reasonable procedures to assure maximum possible accuracy of the information concerning the consumer.

126. Equifax failed to implement and follow reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit information.

127. Equifax reported inaccurate, incomplete, and misleading information in Plaintiff's credit file, including but not limited to disputed tradelines, balances, account histories, and status information.

128. On or about January 20, 2026, Equifax inserted a false and misleading remark stating:

> "FRAUD VICTIM. 'INITIAL ALERT'. CONSUMER HAS REQUESTED AN ALERT BE PLACED ON THEIR CREDIT FILE."

129. This statement was not requested by Plaintiff and is materially false and misleading.

130. The inclusion of this false fraud alert demonstrates Equifax's failure to maintain and follow reasonable procedures to assure maximum possible accuracy.

131. Despite receiving multiple disputes and having actual knowledge of inaccuracies, Equifax continued to publish and disseminate inaccurate information to third parties.

132. Equifax failed to reconcile inconsistencies in Plaintiff's credit file and failed to ensure that reported information was complete and accurate.

133. As a direct and proximate result of Equifax's conduct, Plaintiff suffered damages including denial of credit, loss of credit opportunities, increased interest rates, damage to reputation, and emotional distress.

134. Equifax's actions constitute negligent and/or willful noncompliance with the Fair Credit Reporting Act.

135. Plaintiff is entitled to actual damages, statutory damages, punitive damages, costs, and all other relief available under 15 U.S.C. §§ 1681n and 1681o.

## CAUSE OF ACTION 4 – CAUSATION OF ACTUAL HARM

### Emotional Distress, Reputational Damage, and Economic Harm Due to Credit Denial

136. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

137. As a direct and proximate result of Equifax, Inc.'s willful and/or negligent violations of the Fair Credit Reporting Act, Plaintiff suffered significant harm, including but not limited to:

a. Denial of credit from multiple potential creditors;

b. Loss of credit opportunities and increased interest rates on approved credit;

c. Damage to personal and professional reputation;

d. Emotional distress, mental anguish, frustration, and humiliation;

e. Out-of-pocket expenses related to correcting Equifax, Inc.'s inaccurate reporting.

138. Plaintiff's emotional distress was substantial, demonstrable, and directly traceable to Equifax, Inc.'s continued reporting of inaccurate and derogatory tradelines after Plaintiff's disputes.

139. Plaintiff's reputational harm included the loss of credibility and trust with lenders, landlords, and other potential business partners.

140. Plaintiff's economic damages include loss of favorable financing terms, missed business opportunities, and the cost of postage, certified mail, and other expenses incurred in attempting to correct Equifax, Inc.'s unlawful credit reporting.

141. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and reasonable attorneys' fees.

## SUIT 2 – EXPERIAN SERVICE CORP.

### CAUSE OF ACTION 1 – 15 U.S.C. § 1681i(a)(1) Failure to Conduct a Reasonable Reinvestigation of Disputed Information

142. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

143. Plaintiff submitted a written dispute to Experian Service Corp. on or about January 10, 2026, identifying specific inaccuracies within Plaintiff's credit file.

144. The dispute was delivered via Certified Mail No. 9214 8901 4298 0442 4475 25 and received on January 16, 2026 at 11:25 a.m., and signed for by Lance Rawlings, confirming actual receipt.

145. Pursuant to 15 U.S.C. § 1681i(a)(1), Experian was required to conduct a reasonable reinvestigation within thirty (30) days.

146. Experian failed to conduct a lawful and reasonable reinvestigation of Plaintiff's disputed information.

147. Experian failed to review all relevant information provided by Plaintiff.

148. Experian failed to forward all relevant dispute information to the furnishers of the disputed data.

149. Instead, Experian relied on automated verification systems rather than conducting a reasonable investigation.

150. After the expiration of the statutory period on or about February 15, 2026, Experian had failed to provide any reinvestigation results or corrected report.

151. As a result, Experian violated its duties under 15 U.S.C. § 1681i(a)(1).

**CAUSE OF ACTION 2 – 15 U.S.C. § 1681i(a)(1) Failure to Conduct a Reasonable Reinvestigation of Disputed Items**

152. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

153. Plaintiff submitted a written dispute to Experian Service Corp. on or about January 10, 2026, identifying specific inaccuracies in Plaintiff's credit file.

154. The dispute was delivered via Certified Mail No. 9214 8901 4298 0442 4475 25 and received on January 16, 2026 at 11:25 a.m., and signed for by Lance Rawlings, confirming actual receipt.

155. Pursuant to 15 U.S.C. § 1681i(a)(1), Experian was required to conduct a reasonable reinvestigation of the disputed information within thirty (30) days.

156. Experian failed to conduct a lawful and reasonable reinvestigation of Plaintiff's disputed items.

157. Experian failed to review all relevant information provided by Plaintiff.

158. Experian failed to forward all relevant dispute information to the furnishers of the disputed accounts.

159. Instead of conducting a reasonable investigation, Experian relied on automated verification systems and superficial processes.

160. Experian failed to complete the reinvestigation within the statutory timeframe.

161. Upon information and belief, Experian did not verify the accuracy of the disputed information through any independent or reasonable means.

162. Experian continued to report the disputed information as accurate despite having actual notice of the dispute.

163. Experian's conduct constitutes a violation of 15 U.S.C. § 1681i(a)(1).

164. As a direct and proximate result of Experian's failure to conduct a reasonable reinvestigation, Plaintiff suffered damages including denial of credit, loss of credit opportunities, reputational harm, and emotional distress.

**CAUSE OF ACTION 3 – 15 U.S.C. § 1681i Failure to Delete or Correct Inaccurate, Incomplete, or Unverifiable Information Within the Statutory Period**

165. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

166. Pursuant to 15 U.S.C. § 1681i, Experian is required to delete, modify, or permanently block the reporting of any information found to be inaccurate, incomplete, or unverifiable.

167. Plaintiff disputed inaccurate and unverifiable information contained within Plaintiff's credit file.

168. Experian received actual notice of the disputes through certified mail signed by its agent, Lance Rawlings.

169. Despite this notice, Experian failed to delete or correct the inaccurate, incomplete, or unverifiable information within the statutory period.

170. Upon information and belief, the disputed information could not be verified through reasonable procedures.

171. Experian nevertheless continued to report the disputed information as accurate to third parties.

172. Experian failed to permanently block or modify information that was inaccurate or unverifiable.

173. Experian's continued reporting of such information constitutes a violation of 15 U.S.C. § 1681i.

174. As a direct and proximate result, Plaintiff suffered damages including denial of credit, reputational harm, and emotional distress.

**CAUSE OF ACTION 4 – 15 U.S.C. § 1681e(b) Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

175. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

176. Pursuant to 15 U.S.C. § 1681e(b), Experian must follow reasonable procedures to assure maximum possible accuracy of the information it reports.

177. Experian prepared and disseminated consumer reports containing inaccurate, incomplete, and misleading information regarding Plaintiff.

178. Experian continued reporting disputed information despite having actual notice of inaccuracies.

179. Experian inserted a false and misleading fraud alert remark into Plaintiff's credit file after receiving Plaintiff's dispute.

180. The inclusion of this false fraud alert created a misleading designation that negatively impacted Plaintiff's creditworthiness.

181. Experian failed to implement reasonable procedures to prevent the reporting of inaccurate and misleading information.

182. Experian's conduct constitutes a violation of 15 U.S.C. § 1681e(b).

**CAUSE OF ACTION 5 – 15 U.S.C. §§ 1681n and 1681o Willful and Negligent Noncompliance**

183. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

184. Experian had actual knowledge of the inaccuracies through multiple written disputes.

185. Experian received at least two certified mail notices signed by Lance Rawlings confirming receipt and awareness.

186. Experian received additional notice through complaints submitted to the Consumer Financial Protection Bureau (CFPB) and the Better Business Bureau (BBB).

187. Despite this knowledge, Experian failed to conduct a reasonable investigation or correct the disputed information.

188. Experian issued a generic reinvestigation response without supporting documentation.

189. Experian continued reporting inaccurate information after receiving notice.

190. Experian inserted a false fraud alert remark after receiving Plaintiff's dispute.

191. Experian's conduct demonstrates willful, reckless, and conscious disregard for Plaintiff's rights under the Fair Credit Reporting Act.

192. Alternatively, Experian's conduct constitutes negligent noncompliance.

193. As a direct and proximate result, Plaintiff suffered actual damages including denial of credit, loss of opportunities, reputational harm, and emotional distress.

194. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and reasonable attorneys' fees.

**SUIT 3 – TRANS UNION LLC**

**CAUSE OF ACTION 1 – 15 U.S.C. § 1681i(a)(1)**
**Failure to Conduct a Reasonable Reinvestigation of Disputed Items**

195. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

196. Plaintiff submitted a written dispute to Trans Union LLC on or about January 10, 2026, identifying inaccurate tradelines, unauthorized inquiries, and inconsistent reporting.

197. The dispute was sent via Certified Mail No. 9214 8901 4298 0442 4478 77 and delivered on January 16, 2026 at 11:20 a.m. in Chester, Pennsylvania, and signed for by Alfredo Hewitt, Agent, confirming actual receipt.

198. Pursuant to 15 U.S.C. § 1681i(a)(1), Trans Union was required to conduct a reasonable reinvestigation within thirty (30) days.

199. Instead of conducting a reinvestigation, Trans Union refused to process Plaintiff's dispute, claiming the request did not originate from Plaintiff despite confirmed identity and certified delivery.

200. Plaintiff provided sufficient identifying information and documentation to verify identity.

201. Trans Union's refusal to process the dispute constitutes a failure to conduct any reinvestigation at all.

202. Trans Union failed to review all relevant information provided by Plaintiff.

203. Trans Union failed to forward dispute information to furnishers.

204. Trans Union continued reporting the disputed information despite having actual notice of the inaccuracies.

205. Trans Union's conduct constitutes a violation of 15 U.S.C. § 1681i(a)(1).

206. As a direct and proximate result, Plaintiff suffered damages including denial of credit, loss of opportunities, reputational harm, and emotional distress.

## CAUSE OF ACTION 2 – 15 U.S.C. § 1681i(a)(6) Failure to Provide Method of Verification

207. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

208. Pursuant to 15 U.S.C. § 1681i(a)(6), Trans Union is required to provide the method of verification used for disputed information.

209. Trans Union failed to provide any method of verification for the disputed accounts and inquiries.

210. Trans Union did not disclose the name, address, or telephone number of any furnisher.

211. Trans Union did not provide any documentation supporting its refusal or verification.

212. Trans Union's failure deprived Plaintiff of the ability to challenge the alleged verification.

213. Trans Union's conduct constitutes a violation of 15 U.S.C. § 1681i(a)(6).

## CAUSE OF ACTION 3 – 15 U.S.C. § 1681i

**Failure to Delete or Correct Inaccurate, Incomplete, or Unverifiable Information Within the Statutory Period**

214. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

215. Pursuant to 15 U.S.C. § 1681i, Trans Union is required to delete, modify, or permanently block the reporting of inaccurate or unverifiable information.

216. Plaintiff disputed inaccurate and unverifiable information within Plaintiff's credit file.

217. Trans Union received actual notice through certified mail and confirmed delivery.

218. Despite this notice, Trans Union failed to delete or correct the inaccurate or unverifiable information within the statutory period.

219. Upon information and belief, the disputed information could not be verified through reasonable procedures.

220. Trans Union continued to report the disputed information as accurate to third parties.

221. Trans Union failed to block or modify information that was inaccurate or unverifiable.

222. Trans Union's conduct constitutes a violation of 15 U.S.C. § 1681i.

223. As a direct and proximate result, Plaintiff suffered damages including denial of credit, reputational harm, and emotional distress.

**CAUSE OF ACTION 4 – 15 U.S.C. § 1681e(b) Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

224. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

225. Pursuant to 15 U.S.C. § 1681e(b), Trans Union must follow reasonable procedures to assure maximum possible accuracy.

226. Trans Union prepared and disseminated consumer reports containing inaccurate, incomplete, and inconsistent information.

227. Trans Union continued reporting disputed information after receiving actual notice.

228. Trans Union relied on procedural avoidance rather than conducting a lawful investigation.

229. Trans Union failed to implement reasonable procedures to prevent inaccurate reporting.

230. Trans Union's conduct constitutes a violation of 15 U.S.C. § 1681e(b).

## CAUSE OF ACTION 5 – 15 U.S.C. §§ 1681n and 1681o. Willful and Negligent Noncompliance

231. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

232. Trans Union had actual knowledge of the disputes through confirmed USPS delivery of multiple certified mailings.

233. Trans Union received identity verification documents along with the disputes.

234. Trans Union received additional notice through complaints filed with the Consumer Financial Protection Bureau (CFPB) and the Better Business Bureau (BBB).

235. Despite this knowledge, TransUnion refused to process Plaintiff's dispute without lawful justification.

236. Trans Union continued reporting inaccurate information after receiving notice.

237. Trans Union's refusal to investigate demonstrates reckless disregard for Plaintiff's statutory rights.

238. Trans Union's conduct constitutes willful noncompliance under 15 U.S.C. § 1681n.

239. Alternatively, Trans Union's conduct constitutes negligent noncompliance under 15 U.S.C. § 1681o.

240. As a direct and proximate result, Plaintiff suffered actual damages including denial of credit, loss of opportunities, reputational harm, and emotional distress.

241. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs, and reasonable attorneys' fees.

## SUIT 4 – TRUIST BANK

### CAUSE OF ACTION 1 – 15 U.S.C. § 1681s-2(b). Failure to Conduct a Reasonable Investigation on Disputed Information, Update or Delete Inaccurate Data, and Report Results to CRA's

242. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

Under 15 U.S.C. § 1681s-2(b), upon receiving notice from a consumer reporting agency of a dispute regarding the completeness or accuracy of information furnished, furnisher must conduct a reasonable investigation, review all relevant information and report the results back to the consumer reporting agency. If the information is inaccurate or cannot be verified, the furnisher must promptly modify, delete, or block the reporting of that information.

243. Plaintiff submitted a written dispute to Truist Bank on or about January 10, 2026, identifying inaccurate, incomplete, and unverifiable tradeline information associated with Account No. 45133600****.

244. The dispute was sent via Certified Mail No. 9214 8901 4298 0442 4480 72.

245. The Certified Mail was delivered on January 22, 2026 at 10:38 a.m. in Richmond, Virginia and signed for by Wendy Betts, confirming receipt and actual notice.

246. Upon information and belief, Plaintiff's dispute was transmitted to consumer reporting agencies, which in

turn notified Truist Bank pursuant to 15 U.S.C. § 1681i(a)(2).

247. Upon receiving notice of the dispute, Truist Bank was required under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation.

248. Truist Bank failed to conduct any reasonable investigation.

249. Truist Bank failed to review all relevant information provided by Plaintiff.

250. Truist Bank failed to report the results of any investigation to consumer reporting agencies.

251. Truist Bank failed to correct or delete inaccurate, incomplete, or unverifiable information.

252. On March 3, 2026 at 12:47 p.m., a second Certified Mail No. 9214 8901 4298 0453 2982 60 was delivered in Henrico, Virginia and signed for by Harris, confirming additional notice and opportunity to cure.

253. Despite multiple notices and confirmed receipt, Truist Bank failed to provide any substantive response or documentation.

254. Truist Bank continued furnishing inaccurate and unverifiable information to consumer reporting agencies.

255. Truist Bank's conduct constitutes a violation of 15 U.S.C. § 1681s-2(b).

256. As a direct and proximate result, Plaintiff suffered damages including denial of credit, reputational harm, and emotional distress.

**CAUSE OF ACTION 2 – 15 U.S.C. § 1681e(b). Failure to Assure Maximum Possible Accuracy**

257. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

258. Pursuant to 15 U.S.C. § 1681e(b), furnishers and reporting entities must ensure maximum possible accuracy of information reported.

259. Truist Bank furnished information to consumer reporting agencies that was inaccurate, incomplete, and inconsistent.

260. Truist Bank continued reporting disputed information after receiving actual notice of inaccuracies.

261. Truist Bank failed to implement reasonable procedures to assure maximum possible accuracy.

262. Truist Bank failed to verify the accuracy of the reported information before continuing to furnish it.

263. Truist Bank's conduct resulted in the dissemination of inaccurate credit information to third parties.

264. Truist Bank's conduct constitutes a violation of 15 U.S.C. § 1681e(b).

**CAUSE OF ACTION 3 – 15 U.S.C. §§ 1681n and 1681o Willful and Negligent Noncompliance**

265. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

266. Truist Bank had actual knowledge of the disputed inaccuracies through multiple certified mail deliveries.

267. Truist Bank received confirmed notice through:
   a. Certified Mail signed by Wendy Betts on January 22, 2026; and
   b. Certified Mail signed by Harris on March 3, 2026.

268. Truist Bank received additional notice through complaints filed with the Consumer Financial Protection Bureau (CFPB) and the Better Business Bureau (BBB).

269. Despite this knowledge, Truist Bank failed to conduct a reasonable investigation or provide any response.

270. Truist Bank continued furnishing inaccurate information after receiving notice of disputes.

271. Truist Bank failed to provide any documentation supporting its reporting.

272. Truist Bank's conduct demonstrates reckless disregard for Plaintiff's statutory rights.

273. Truist Bank's conduct constitutes willful noncompliance under 15 U.S.C. § 1681n.

274. Alternatively, Truist Bank's conduct constitutes negligent noncompliance under 15 U.S.C. § 1681o.

275. On March 3, 2026, Plaintiff suffered an adverse action in the form of a credit denial from Credit Human Federal Credit Union.

276. This denial of credit constitutes actual damages directly caused by Truist Bank's continued furnishing of inaccurate information.

277. Plaintiff suffered additional damages including:

a. Loss of credit opportunities;

b. Increased cost of credit;

c. Reputational harm;

d. Emotional distress, frustration, and mental anguish;

e. Out-of-pocket expenses related to dispute efforts.

**REQUEST FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants Experian Information Solutions, Inc., Trans Union LLC, Equifax, Inc., and Truist Bank, jointly and severally, and award the following relief:

1. Actual Damages - For actual damages sustained by Plaintiff as a direct and proximate result of Defendants' unlawful conduct, including but not limited to:

- Denial of credit and loss of credit opportunities;
- Increased interest rates and less favorable credit terms;
- Damage to Plaintiff's personal and professional reputation;
- Emotional distress, mental anguish, humiliation, and frustration;
- Loss of time and productivity;
- Out-of-pocket expenses, including costs associated with certified mail, correspondence, and efforts to correct inaccurate reporting.

2. Statutory Damages - For statutory damages of up to $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A) for each willful violation of the Fair Credit Reporting Act.

3. Punitive Damages - For punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) in an amount sufficient to punish Defendants and deter similar misconduct, based on Defendants' willful, reckless, and conscious disregard for Plaintiff's statutory rights.

4. Costs and Fees - For costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), and any other applicable provision of law, including equitable consideration for Plaintiff proceeding pro se.

5. Injunctive and Equitable Relief - For injunctive relief requiring Defendants to:

a. Immediately delete, correct, and/or permanently remove all inaccurate, incomplete, or unverifiable information from Plaintiff's consumer credit files;

b. Conduct lawful and reasonable reinvestigations in compliance with 15 U.S.C. § 1681i and § 1681s-2(b);

c. Cease reporting any information that cannot be verified through proper investigation;

d. Provide Plaintiff with written confirmation of all corrections made;

e. Implement and maintain reasonable procedures to assure maximum possible accuracy as required under 15 U.S.C. § 1681e(b).

6. Declaratory Relief - For a declaration that Defendants' conduct violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

7. Pre- and Post-Judgment Interest - For pre-judgment and post-judgment interest as allowed by law.

8. Further Relief - For such other and further relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Dated: May 5, 2026,

Respectfully Submitted,
*/s/ Alma Lilia Guerrero*

Alma Lilia Guerrero, Plaintiff, Pro Se

7342 Oak Manor Dr. Apt 1201

San Antonio, Texas 78229

AlmasFreeWorld@gmail.com

(210) 323-3888

**VERIFICATION**

I, Alma Lilia Guerrero, am the Plaintiff in the foregoing *Verified Complaint for Damages and Jury Demand.* I have read the foregoing Verified Complaint and know the contents thereof. The same is true to my own knowledge, except as to those matters stated therein on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _5__ day of _May_, 2026,

*/s/ Alma Lilia Guerrero*

## CERTIFICATE OF SERVICE

I hereby certify that on this _5th_ day of __May__, 2026, I caused to be placed in the United States Mail, first-class postage prepaid, the original Civil Cover Sheet, Proposed Summons, and Verified Complaint for Damages with Jury Demand, addressed to:

Clerk of the Court
U.S. District Court
Western District of Texas
San Antonio Division
262 West Nueva Street
Rm 1-400
San Antonio Texas 78207

I certify that the foregoing was mailed in compliance with the applicable Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of Texas.

*/s/Alma Lilia Guerrero*

Gmail Alma Guerrero <almasfreeworld@gmail.com>

**Print Out CIVIL COMPLAINT VERIFIED TO MAIL OUT MAY 5**

1 message

**Alma Guerrero** <almasfreeworld@gmail.com> Mon, May 4, 2026 at 3:17 PM
To: Alma Guerrero <almasfreeworld@gmail.com>

see attached. Print out and. Mail out to
👇👇👇👇

**District Clerk's Office**
**262 West Nueva Street**
**Rm 1-400**
**San Antonio Texas 78207**

Fee $ 405. Money Order / Check

Case opening letter with Case#
210-472-6550. press 0. District Court Clerk

**3 attachments**

**2FinalCivil-Cover-Sheet-JS-44-1 PDF.pdf**
341K

**Alma'sVerifiedComplaintPDF.pdf**
392K

**ProposedSummons Editable.doc**
155K