**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ALMA LILIA GUERRERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No. 5:26-CV-03000-OLG |
| EQUIFAX, INC., EXPERIAN SERVICES CORP., TRANS UNION LLC, and TRUIST BANK, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SERVICE, INC.**
**AND TRANS UNION LLC'S JOINT MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT**

Defendant consumer reporting agencies, Equifax Information Services LLC, improperly named as "Equifax, Inc." in the Complaint, ("Equifax"), Experian Information Solutions, Inc, improperly identified as Experian Services Corp. ("Experian") and Trans Union, LLC ("Trans Union") (collectively, "CRA Defendants") by and through counsel hereby submit this Joint Motion to Dismiss Plaintiff's Complaint and Memorandum in Support of its Motion to Dismiss (the "Motion").

The Motion should be granted in this alleged Fair Credit Reporting Act ("FCRA") case where *pro se* Plaintiff vaguely claims that CRA Defendants somehow violated the FCRA by including unidentified and purportedly "inaccurate reporting" related to her Discover card, JPMCB Card, three SEC SVC FCU, Nissan INF LET, four AMEX, Truist, and Bank of America accounts because:

A. A showing of an inaccuracy is an essential prima facie element of a claim under the FCRA, and Plaintiff has failed to allege what information CRA Defendants reported

much less how it was inaccurate;

B. Plaintiff has not alleged any facts supporting her claim that CRA Defendants did not have a permissible purpose for preparing a consumer report under Section 1681b of the FCRA and, thus, her claims fail;

C. Plaintiff's Complaint fails to allege any facts in support that CRA Defendants willfully violated the FCRA and, therefore, must be dismissed; and

D. Plaintiff's claims should be dismissed with prejudice because amendment would be futile since the facts would not change and there is no way that Plaintiff could manipulate the facts to state a claim under the FCRA.

## I. <u>INTRODUCTION</u>

*Pro se* Plaintiff Alma Guerrero's ("Plaintiff") is no stranger to this Court and this is not Plaintiff's first case before this Court. *See Guerrero v. Transunion LLC et al*, Case No. 5:25-cv-01443-FB, Doc. No 1 ("Guerrero One"). On November 7, 2025, Plaintiff initiated Guerrero One after discovering unidentified "inaccuracies on her credit reports" in violation of the FCRA and other inapplicable state laws. *Id*. On December 31, 2025, Trans Union filed a Motion to Dismiss. *See* Guerrero One, Doc. No. 7. On April 15, 2026, this Court issued a Show Cause Order that Plaintiff ordering Plaintiff to either respond to Trans Union and Equifax's motions to dismiss or a file a notice that she does not intend to respond. *See* Guerrero One, Doc. No. 10. On May 14, 2026, Magistrate Judge Farrer recommended Plaintiff's claims against Trans Union and Equifax be dismissed pursuant to Rule 41(b) and 16(f) for want of prosecution and failure to comply with a court order. *See* Guerrero One, Doc. No. 12 at 8. As of the filing of this instant Motion, Plaintiff has yet to file any objections to Magistrate Judge Farrer's Report and Recommendation recommending dismissal. *See generally* Guerrero One.

In an attempt to right the wrongs of her first action against CRA Defendants, Plaintiff has initiated this instant action to likely evade this Court's ruling in Guerrero One. However, Plaintiff's Complaint fails to achieve its primary purpose: it does not identify with specificity what, if anything, CRA Defendants have done wrong. Plaintiff appears to allege that CRA Defendants violated the FCRA, by allegedly reporting unidentified and purportedly "inaccurate reporting of the Date Opened, Balance, High Credit, Credit Limit, and Date Last Reported" related to her four AMEX accounts, a Discover Card, a JPMCB card, three SEC SVC FCU accounts, a NISSN INF LT account, a Truist account, and, finally, a Bank of America account (the "Accounts"). *See* Compl. ¶ 21. However, specifics as to how the Accounts are allegedly inaccurate are nonexistent. *Id*. Plaintiff also alleges that CRA Defendants also purportedly included ten inquiries on her credit file that were "unauthorized" and "lacking a permissible purpose under 15 U.S.C. § 1681b." *Id*. ¶ 22. In support of her completely devoid claims, Plaintiff claims she "mailed a formal written dispute" to each CRA Defendant. *Id*. ¶¶ 23, 36, 56. Not happy with the results from each CRA Defendant, Plaintiff initiated a second dispute with each CRA along with filing a complaint with the Consumer Financial Protection Bureau. *Id*. ¶¶ 26-28, 39-40, 61-62. However, Plaintiff's Complaint completely fails to identify a single inaccuracy regarding any of the Accounts in CRA Defendants' reporting. *See Id*. Not happy with the responses received from CRA Defendants, Plaintiff claims each CRA Defendant violated multiple provisions of the FCRA. *Id*. ¶¶ 34, 54, 71. Plaintiff vaguely claims she "has suffered actual damages, including but not limited to loss of credit opportunities, denial of credit, damage to credit reputation, increased interest rates, diminished creditworthiness, and emotional distress." *Id*. ¶¶ 35, 55, 72.

Plaintiff's Complaint lacks any factual allegations to support her FCRA claims beyond vague, conclusory statements. To the extent Plaintiff intended to sue CRA Defendants for reporting

inaccurate information in her credit report, her Complaint must be dismissed, as she does not describe any information, much less how it was inaccurate. Similarly, to the extent Plaintiff sought to assert a claim against CRA Defendants for an unreasonable reinvestigation, the Complaint fails because it does not allege any facts whatsoever in support of this claim, beyond Plaintiff's perceived grievances with the alleged results of CRA Defendants' reinvestigation. Finally, to the extent Plaintiff intended to sue CRA Defendants for reporting information without permissible purpose, her Complaint must be dismissed, as the FCRA provides consumer reporting agencies may furnisher consumer reports as long as the consumer reporting agency has a reasonable belief there is a permissible purpose and Plaintiff fails to allege any facts to support a claim that CRA Defendants furnished a report without a permissible purpose.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires the Court to dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal, a plaintiff must put forward cognizable factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A complaint will be dismissed where it fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). Thus, Plaintiff must include enough facts to move "his claims across the line from conceivable to plausible." *Twombly* at 570. Moreover, "[a] plaintiff must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id* at 555.

To determine whether a claim has crossed "the line from conceivable to plausible," the Court must employ a "context-specific task," drawing on the court's "experience and common

sense." *Iqbal* at 678-79, 683. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown– that the pleader is entitled to relief." *Iqbal*, 556 at 679 (internal quotations and citations omitted).

Although *pro se* complaints are entitled to a less stringent standard, Courts are not required to overlook a *pro se* plaintiff's complaint that does not provide any factual basis for her claims. *See Taylor v Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). When considering a motion to dismiss for failure to state a claim, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* at 378(internal quotation omitted); *Jones v. Alcoa, Inc.*, 339 F.3d 359, 362 (5th Cir. 2003) (same). However, the duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff. *See Cervantes v. Tenet Hospitals Ltd.*, EP-18-CV-00110-KC, 2018 WL 5020225, at *4 (W.D. Tex. Oct. 15, 2018). In other words, a plaintiff must plead a "plausible claim for relief" – one where the claim affirmatively shows "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678-79.

## III. ARGUMENT

### a. A Showing Of An Inaccuracy Is An Essential Prima Facie Element Of A Claim Under The FCRA, And Plaintiff Has Failed To Allege What Information CRA Defendants Reported Much Less How It Was Inaccurate.

To prevail on either a 15 U.S.C. § 1681e(b) ("reasonable procedures") or a 15 U.S.C. § 1681i ("reasonable reinvestigation") claim under the FCRA, the Plaintiff must first demonstrate an inaccuracy in CRA Defendants' reporting. *Washington v. CSC Credit Servs., Inc.*, 199 F.3d

263, 267 n.3 (5th Cir. 2000); *Glass v. Bread Fin. Holdings, Inc.*, Civil No. 6:23-CV-686, 2024 U.S. Dist. LEXIS 90464, at *5 (W.D. Tex. May 20, 2024), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 109998 (W.D. Tex. June 21, 2024); *Watkins v. Experian Info. Sols., Inc.*, No. 6:130CV000239-WSS-JCM, 2014 WL 12879669, at *5 (W.D. Tex. Sept. 8, 2014); *Becci v. Equifax Info. Servs. LLC*, Case No. 3:20-cv-00294-S, 2020 WL 7771204, at *7 (N.D. Tex. Dec. 30, 2020); *Knox v. Equifax Info. Servs.*, LLC, Case No. 3:19-cv-02581-E, 2020 WL 4339016, at *2 (N.D. Tex. July 28, 2020); *Harter v. RealPage, Inc.*, 218 F. Supp. 3d 535, 540 (E.D. Tex. 2016); *Morris v. Trans Union*, 420 F. Supp. 2d 733, 751 (S.D. Tex. 2005). Notably, "[t]he offensive information in the credit report must be shown to be inaccurate, prior to an inquiry into the reasonableness of the reporting procedures." *Elliot v. TRW, Inc.*, 889 F. Supp. 960, 962 (N.D. Tex. 1995). Moreover, case law makes it clear that CRA Defendants are not automatically liable. *See Thompson v. San Antonio Retail Merchs. Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982) ("Section 1681e(b) does not impose strict liability for an inaccuracy credit report, but only a duty of reasonable care in preparation of the report").

Here, Plaintiff's Complaint does not specify what inaccurate information CRA Defendants reported, or how such inaccuracies resulted from a failure to maintain reasonable procedures or conduct a reasonable reinvestigation. *See* Compliant. Plaintiff simply claims that CRA Defendants violated the FCRA by reporting unidentified "inaccurate reporting" related to the Accounts, but never specifies as to why each account is inaccurate. *See* Compl. ¶ 21. Aside from listing the magic words that CRA Defendants reported "multiple tradelines due to inaccurate reporting of the Date Opened, Balance, High Credit, Credit Limit, and Date Last Reported," Plaintiff's Complaint lacks the required specificity to allege a viable FCRA claim against any of the CRA Defendants. Plaintiff's Complaint is completely devoid of any facts to support her claims that CRA Defendants

reported any inaccurate information. Plaintiff's Complaint fails to allege any inaccuracy with the requisite specificity or what the accurate reporting should be. This does not suffice.

These vague, generalized factual allegations cannot provide the basis for a reasonable reporting or a reasonable reinvestigation claim under the FCRA because, as discussed above, Plaintiff has failed to allege any inaccuracy in CRA Defendants' reporting. Beyond her general statement that there were some unidentified "inaccurate reporting," Plaintiff does not allege what, if anything, was inaccurate in her consumer reports. *Id*. Further, given that Plaintiff's allegations do not distinguish between defendants, CRA Defendants are left to speculate as to Plaintiff's claims and how they may or may not apply to each of the CRA Defendants. Here, Plaintiff alleges nothing more than conclusions without any "further factual enhancement" which is not enough to state a claim. *Twombly*, 550 U.S. at 546.

At best, Plaintiff simply voices her disagreement with CRA Defendants' reporting and reinvestigation, but still never describes what exactly is inaccurate or why the Accounts should not appear on her credit file. Accordingly, Plaintiff's Complaint fails to set forth any required allegations of inaccuracies in CRA Defendants' reporting, reinvestigation, or otherwise, and so stating, Plaintiff's claims against CRA Defendants must fail.

**b. Plaintiff Has Not Alleged Any Facts Supporting Her Claim That CRA Defendants Did Not Have A Permissible Purpose For Preparing A Consumer Report Under Section 1681b Of The FCRA And Thus Her Claims Fail.**

The FCRA was enacted, in part, to "promote efficiency in the Nation's banking system and to protect consumer privacy." *TRW Inc. v Andrews*, 534 U.S. 19, 23 (2001). The FCRA requires consumer reporting agencies ("CRAs") to "'limit the furnishing of [consumer reports] to' certain statutorily enumerated purposes." *Id*. *citing* 15 U.S.C § 1681b. Section 1681b(a) of the FCRA sets

forth numerous purposes under which a CRA may prepare a consumer report for a third party. *See generally id*.

Although a consumer reporting agency may prepare a consumer report "in accordance with the written instructions of the consumer to who it relates," the consumer's consent is generally not required. *Id*. § 1681b(a). Section 1681b(a)(3) enumerates numerous permissible purposes under which a CRA may furnish a consumer report without the consumer's consent, including: (1) in connection with "a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer;" (2) "for employment purposes;" (3) for "the underwriting of insurance involving the consumer;" (4) "in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law;" (5) as "a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or repayment risks associated with, an existing credit obligation;" or (6) more generally "in connection with a business transaction that is initiated by the consumer" or "to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(A-F).

For this reason, case law makes it clear that CRA Defendants cannot be liable under the FCRA for furnishing credit reports to a person it believes will use the information for one of the several permissible purposes. *See generally id*., *Perill v. Equifax Info. Servs., LLC*, 205 F. Supp. 3d 869 at 876 (W.D. Tex. 2016). To assert a claim under section 1681b, a plaintiff must allege "(1) there was a 'consumer report'; (2) the defendant used or obtained the report; (3) without a permissible purpose; and (4) the defendant acted willfully." *Id.* (quoting 15 U.S.C. §§ 1681b(a), 1681n(a)(1)(A)).

Here, Plaintiff has not and cannot claim that CRA Defendants violated section 1681b (permissible purpose) because Plaintiff's vague and conclusory Complaint is completely devoid of any facts in support of such a claim that CRA Defendants furnished a consumer report without a permissible purpose. Indeed, Plaintiff fails to allege any facts to support her claim that CRA Defendants violated section 1681b. *See generally* Complaint. Notably, Plaintiff makes no attempt to satisfy the required elements to plead a permissible purpose claim against CRA Defendants. Plaintiff's conclusory allegations that CRA Defendants furnished a consumer report without a permissible purpose are insufficient to state a claim for violation of the FCRA and Plaintiff's claims should be dismissed. *See Iqbal* at 662.

**c. Plaintiff's Complaint Fails To Allege Any Facts In Support That CRA Defendants Willfully Violated The FCRA And, Therefore, Must Be Dismissed.**

To the extent Plaintiff alleges that CRA Defendants somehow willfully violated the FCRA section 15 U.S.C. § 1681n (willfulness provision), and as discussed above, just as Plaintiff's reasonable procedures and reinvestigation claims fail because Plaintiff has failed to sufficiently alleged an inaccuracy in the CRA Defendants' reporting, it necessarily follows that her willfulness claims also fail.

Even if the court considers Plaintiff's willfulness claim, it fails as a matter of law because Plaintiff has not, and cannot, plead the requirement elements of a willfulness claim. "Willfully" means either knowingly or with reckless disregard. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 58-59 (2007). To state a willfulness claim, Plaintiff must allege: (1) CRA Defendants had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language; and (2) how CRA Defendants ran a risk of violating the FCRA that was substantially great than the risk associated with a reading that was merely careless. *Id*. Plaintiff has unequivocally failed to plead either regarding any of the CRA Defendants.

Plaintiff must show that CRA Defendants acted in a manner that made it highly probable harm would follow. *Safeco*, 551 U.S. at 69. Where the statutory text and authoritative guidance allow for more than one reasonable interpretation, a defendant merely adopting on such interpretation cannot be found to have willfully violated the FCRA. *Id*. at 70 n.20. A CRA's interpretation of its obligations under the FCRA can be erroneous and still not be considered willful. *Id*. at 69-70.

Here, Plaintiff has failed to identify a practice or policy of any of the CRA Defendants that is objectively unreasonable, and merely states in general and conclusive allegations that CRA Defendants willfully violated section 1681e(b) and section 1681i, which somehow entitles Plaintiff to punitive damages. *See* Compl. Neither the failure to correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file, nor the mere existence of inaccuracies in a consumer's report alone, can amount to willful noncompliance with the FCRA. *See, e.g., Barrepski v. Capital One Bank (U.S.A.) N.A.*, No. 11-30160, 2014 WL 9355983, at *12 (D. Mass. Jan. 24, 2014); *Hill v. Equifax Info. Servs., LLC*, 974 F. Supp. 2d 865, 869 (M.D.N.C. 2013); *Johnson v. Equifax, Inc.*, 510 F. Supp. 2d 638, 648 (S.D. Ala. 2007) (citation omitted); *Valvo v. Trans Union LLC*, No. 04-70S, 2005 WL 3618272, at *8 (D.R.I. Oct. 27, 2005). Going even further, a CRA's failure to identify inaccurate information after receiving a dispute is still not enough to establish a willful violation of the FCRA. *Robertson v. Experian Info. Sols.*, No.1:CV-09-0850, 2010 WL 1643579, at *5 (M.D. Pa. Apr. 22, 2010).

Despite sprinkling the work "willful" throughout her Complaint, Plaintiff fails to plead an inaccuracy in CRA Defendants' reporting and unsurprisingly also fails to plead, because she cannot, the required elements of a willfulness claim. Therefore, CRA Defendants' Motion should be granted, and Plaintiff's claims should be dismissed.

**d. Plaintiff's Claims Should Be Dismissed With Prejudice Because Amendment Would Be Futile Since The Facts Would Not Change And There Is No Way That Plaintiff Could Manipulate The Facts To State A Claim Under The FCRA.**

The decision to allow leave to amend a complaint is, of course, committed to the sound discretion of the District Court. *See United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009). However, while leave to amend under Federal Rule of Civil Procedure 15 should be freely given, "amendment is futile if it 'would fail to state a claim for relief upon which relief could be granted.'" *See Tolliver v. Bank of N.Y. Mellon*, Case No. 4:18-cv-00977-O-BP, 2019 U.S. Dist. LEXIS 142039, at *12 (N.D. Tex Aug. 5, 2019) (quoting *Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)).

Here, Plaintiff's Complaint should be dismissed with prejudice and without leave to amend because there is no way that Plaintiff could manipulate the facts to state a claim under the FCRA. As discussed above, Plaintiff's concern with CRA Defendants' reporting is that CRA Defendants potentially reported some unidentified inaccuracies associated with the Accounts. Plaintiff does not appear to allege any inaccurate information, much less allege how the information is inaccurate, or what the accurate reporting should be. *See generally* Compl. Furthermore, Plaintiff should not be permitted leave to amend because the instant action appears to be nothing more than Plaintiff's attempt to evade this Court's order in Guerrero One. *See* Guerrero One, Doc. No. 12 at 8.

Even if she could amend to attempt to assert an inaccuracy, the alleged basis for any such inaccuracy is unactionable, given her apparent false belief that possibly derogatory information may not report to her credit file. Therefore, the Complaint should be dismissed with prejudice and without leave to amend.

## IV. CONCLUSION

For all the foregoing reasons, CRA Defendants respectfully requests that the Court grant CRA Defendants' Motion, dismiss Plaintiff's Complaint against Trans Union, Experian and Equifax in its entirety, with prejudice, and award Trans Union, Experian and Equifax their fees and costs incurred in defending this action, including reasonable attorneys' fees, along with such other relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Sean Moloney*
Sean Moloney
Texas State Bar No. 24122831
smoloney@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
Tel: (214) 560-5442
Fax: (214) 871-2111
***Counsel for Trans Union LLC***

*/s/ Forrest M. "Teo" Seger III*

**FORREST M. "TEO" SEGER III**
Texas Bar No. 24070587
TSeger@clarkhill.com
**CLARK HILL PLC**
2301 Broadway St.
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 (Fax)
*Counsel for Equifax Information Services LLC*

**CERTIFICATE OF SERVICE**

I hereby certify on this 16th day of June 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

None.

I further certify that a true and correct copy of the foregoing document was served on the following parties via U.S. First Class Mail and electronic mail and properly addressed as follows:

Alma Lilia Guerrero
almasfreeworld@gmail.com
7342 Oak Manor Drive, Apt. 1201
San Antonio, TX 78229
***Pro Se Plaintiff***

*/s/ Sean Moloney*
**SEAN MOLONEY**