**FILED**
June 18, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: vl
DEPUTY

**UNITED STATES DISTRICT COURT**

FOR THE WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

CASE NO. **5:26-cv-03000-OLG**

*ALMA LILIA GUERRERO,*

*Plaintiff,*

*v.*

*EQUIFAX, INC.;*

*EXPERIAN SERVICE CORP.;*

*TRANS UNION LLC;*

*TRUIST BANK*

*Defendants.*

*Judge Orlando L. Garcia*

**PLAINTIFF'S TENDERED RESPONSE IN OPPOSITION TO DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION LLC'S JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. 8)**

TO THE HONORABLE ORLANDO L. GARCIA, UNITED STATES DISTRICT JUDGE:

Plaintiff, Alma Lilia Guerrero, proceeding pro se, and respectfully files this Tendered Response in Opposition to Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC's Joint Motion to Dismiss Plaintiff's Complaint (Dkt. 8).

Plaintiff submits this Response in the alternative should the Court decline to strike Defendants' Motion to Dismiss. Plaintiff does not waive her objections regarding Defendants' failure to comply with the Court's Standing Order and procedural requirements.

For the reasons stated below, Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied.

I. INTRODUCTION

Defendants seek dismissal of Plaintiff's Fair Credit Reporting Act ("FCRA") claims under Federal Rule of Civil Procedure 12(b)(6) by arguing Plaintiff has failed to state sufficient claims for relief.

However, Defendants' Motion improperly attempts to require Plaintiff to prove factual disputes at the pleading stage.

The Fifth Circuit has explained that when reviewing a Rule 12(b)(6) dismissal, courts accept all well-pleaded factual allegations as true and view those facts in the light most favorable to the plaintiff. Haddock v. Tarrant County, Texas, 986 F.3d 893, 897 (5th Cir. 2021).

Plaintiff's Complaint contains detailed factual allegations supporting plausible claims under the FCRA, including:

1. Identification of specific disputed credit reporting information;
2. Written disputes submitted to the Consumer Reporting Agency Defendants;
3. Notice received by Defendants triggering statutory duties;
4. Alleged failures to conduct reasonable reinvestigations;
5. Continued reporting of disputed information; and
6. Actual damages resulting from Defendants' alleged conduct.

At this stage, Plaintiff is not required to prove her claims. Plaintiff is required only to plead sufficient facts showing plausible entitlement to relief.

Plaintiff has met this burden.

## II. PLAINTIFF'S COMPLAINT CONTAINS SPECIFIC FACTUAL ALLEGATIONS SUPPORTING HER CLAIMS

Defendants argue Plaintiff's allegations are insufficient. Plaintiff respectfully disagrees.

Plaintiff's Complaint does not merely make conclusory allegations. Plaintiff specifically identified disputed accounts, disputed reporting fields, and disputed inquiries.

Plaintiff alleged disputes involving inaccurate reporting concerning account information including Date Opened, Balance, High Credit, Credit Limit, Date Last Reported, and other reporting fields.

Plaintiff further alleged that she submitted written disputes challenging unauthorized inquiries and inaccurate information appearing in her consumer reports.

These allegations provide Defendants notice of the claims asserted and the factual basis supporting Plaintiff's FCRA causes of action.

## III. PLAINTIFF ADEQUATELY PLED FCRA CLAIMS AGAINST THE CONSUMER REPORTING AGENCY DEFENDANTS

A. Plaintiff Alleged Notice Through Written Disputes

Plaintiff alleged that she submitted written disputes to the Consumer Reporting Agency Defendants.

The Complaint specifically alleges written disputes beginning January 10, 2026, followed by additional dispute correspondence, regulatory complaints, and continued notice regarding disputed reporting.

Plaintiff further alleged certified mail delivery and receipt of dispute correspondence.

These factual allegations support Plaintiff's position that Defendants received notice triggering statutory duties under the FCRA.

B. Plaintiff Alleged Failure to Conduct Reasonable Reinvestigations

Under the FCRA, when a consumer disputes the completeness or accuracy of information contained in a consumer file, consumer reporting agencies have duties regarding reinvestigation of the disputed information.

Plaintiff alleges Defendants failed to conduct reasonable reinvestigations after receiving notice.

Plaintiff further alleges Defendants continued verifying and reporting disputed information despite Plaintiff identifying specific inaccuracies.

Whether Defendants' investigations were reasonable is a factual issue inappropriate for determination at the Rule 12(b)(6) stage.

C. Plaintiff Alleged Damages Resulting From Defendants' Conduct

Defendants challenge Plaintiff's damages allegations.

Plaintiff's Complaint alleges actual harm resulting from Defendants' alleged conduct, including denial of credit, loss of credit opportunities, reputational harm, increased borrowing costs, diminished creditworthiness, and other damages.

Plaintiff specifically alleged that an adverse credit decision occurred after the disputed reporting remained.

At the pleading stage, Plaintiff is not required to prove the full amount of damages. Plaintiff must allege facts supporting a plausible claim that Defendants' alleged conduct caused harm.

Plaintiff has done so.

## IV. DEFENDANTS' MOTION SEEKS FACTUAL DETERMINATIONS THAT ARE NOT APPROPRIATE AT THE PLEADING STAGE

Defendants' Motion asks the Court to accept Defendants' position regarding the accuracy of reporting and the adequacy of their reinvestigation procedures.

Plaintiff disputes these factual assertions.

Questions regarding:

1. Whether the disputed reporting was inaccurate or misleading;
2. Whether Defendants performed reasonable reinvestigations;
3. Whether Defendants reviewed relevant information submitted by Plaintiff; and
4. Whether Defendants' conduct caused damages

are factual matters that should be addressed through discovery and not resolved through a Rule 12(b)(6) motion.

## V. DISMISSAL WITH PREJUDICE IS NOT WARRANTED

Defendants request dismissal of Plaintiff's claims with prejudice.

Plaintiff respectfully opposes this request.

Plaintiff maintains that her Complaint adequately states claims under the Fair Credit Reporting Act.

Alternatively, if the Court determines additional factual allegations are necessary, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice.

Any alleged pleading deficiencies could be corrected through amendment.

## VI. CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, Plaintiff Alma Lilia Guerrero respectfully requests that this Honorable Court:

1. DENY Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC's Joint Motion to Dismiss Plaintiff's Complaint (Dkt. 8);
2. Find that Plaintiff has alleged plausible claims for relief under the Fair Credit Reporting Act;
3. Allow Plaintiff's claims to proceed;
4. Alternatively grant Plaintiff leave to amend if the Court determines additional factual allegations are required; and
5. Grant all other relief the Court finds just and proper.

Dated: June 18, 2026

Respectfully submitted,

*/s/ Alma Lilia Guerrero*
Alma Lilia Guerrero, Plaintiff, Pro Se
7342 Oak Manor Dr., Apt. 1201
San Antonio, Texas 78229
Almasfreeworld@gmail.com
(210) 323-3888

## CERTIFICATE OF SERVICE

I hereby certify that on this **_18th_ day of June, 2026,** I filed the foregoing *PLAINTIFF'S TENDERED RESPONSE IN OPPOSITION TO JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT (DKT. 8)* with Clerk of Court using the CM/ECF system, which will send electronic notification of the same to all counsel of record who are registered CM/ECF users, including:

**Distribution:**

**Sean Maloney**
QSLWM, P.C.
5801 Tennyson Parkway
Suite 440
Plano Texas 75024
(214) 871-2100
Fax (214)871-2111
**smoloney@qslwm.com**

*/s/Alma Lilia Guerrero*
Alma Lilia Guerrero