**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| ALMA LILIA GUERRERO,<br>Plaintiff,<br><br>v.<br><br>EQUIFAX, INC.; EXPERIAN SERVICES CORP.; TRANS UNION LLC; and TRUIST BANK;<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 5:26-CV-03000-OLG-HJB |

**DEFENDANTS EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC. AND TRANS UNION LLC'S JOINT REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant consumer reporting agencies, Equifax Information Services LLC, improperly named as "Equifax, Inc." in the Complaint, ("Equifax"), Experian Information Solutions, Inc., improperly identified as Experian Services Corp. ("Experian") and Trans Union, LLC ("Trans Union") (collectively, "CRA Defendants") by and through counsel hereby submit this Joint Reply in Support of their Motion to Dismiss Plaintiff's Complaint (Dkt. 8) (the "Motion") and in response to Plaintiff's Tendered Response in Opposition (Dkt. 12-1) (the "Opposition").

## I. PRELIMINARY STATEMENT

The CRA Defendants' Motion identified four grounds warranting dismissal of Plaintiff's Complaint with prejudice: (A) Plaintiff failed to allege any specific inaccuracy in CRA Defendants' reporting—an essential element of her FCRA claims; (B) Plaintiff failed to allege facts supporting a claim that CRA Defendants lacked a permissible purpose under 15 U.S.C. § 1681b; (C) Plaintiff failed to allege facts supporting a willfulness claim under 15 U.S.C. § 1681n; and (D) dismissal should be with prejudice because amendment would be futile.

Plaintiff's five-page Opposition fails to meaningfully engage with any of these arguments. Plaintiff entirely ignores the Motion's arguments regarding permissible purpose and willfulness, conceding those claims. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (failure to defend a claim after the complaint constitutes abandonment). And on the sole issue Plaintiff does address (whether the Complaint adequately alleges an inaccuracy), Plaintiff merely repackages the same conclusory assertions the Complaint already contains, without ever identifying what information is actually inaccurate or what the correct information should be. The Opposition confirms what the Motion established: the Complaint is fatally deficient and should be dismissed with prejudice.

## II. ARGUMENT

### a. Plaintiff Has Conceded Her Permissible Purpose and Willfulness Claims by Failing to Address Them.

The Motion devoted substantial argument to demonstrating that Plaintiff's claims under 15 U.S.C. § 1681b (permissible purpose) and 15 U.S.C. § 1681n (willfulness) fail as a matter of law. Plaintiff's Opposition is silent on both issues. She offers no response to CRA Defendants' argument that her Complaint is devoid of any facts supporting a claim that CRA Defendants furnished a consumer report without a permissible purpose. Nor does she respond to the argument that she has failed to plead the required elements of a willfulness claim as required under *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 58–59 (2007). Plaintiff's silence is dispositive. *See Black*, 461 F.3d at 588 n.1; *see also Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983) (failure to brief an issue in opposition to a dispositive motion constitutes waiver).

### b. Plaintiff Still Has Not Identified Any Inaccuracy

Plaintiff's Opposition does nothing to remedy the Complaint's failure to allege factual inaccuracy a prima facie element of claims under both 15 U.S.C. § 1681e(b) and 15 U.S.C. § 1681i.

Plaintiff asserts that she "specifically identified disputed accounts, disputed reporting fields, and disputed inquiries" but this simply parrots the deficient Complaint. Identifying the *categories* of reporting fields allegedly at issue—Date Opened, Balance, High Credit, Credit Limit, Date Last Reported—is not the same as identifying an *inaccuracy*. Plaintiff should state clearly what is false and what the truth is so the CRAs know what they are being sued for.

Nowhere in the Opposition does Plaintiff identify what information was reported, what the correct information should be, or how any reported data was inaccurate. The Opposition merely asserts that Plaintiff "alleged disputes involving inaccurate reporting concerning account information," but this is precisely the type of "labels" and "formulaic recitation" that do not suffice under bedrock precedent. *Iqbal*, 556 U.S. at 678.

Plaintiff's contention that CRA Defendants are improperly seeking to resolve factual disputes at the pleading stage fundamentally mischaracterizes the Motion. CRA Defendants are not asking the Court to resolve any factual dispute. CRA Defendants are pointing out that there is no factual dispute to resolve because Plaintiff has not alleged what the facts are.

**c. Dismissal With Prejudice Is Warranted and Plaintiff Has Not Shown Otherwise.**

The Motion argued that dismissal should be with prejudice because amendment would be futile—Plaintiff cannot manipulate the underlying facts to state a viable FCRA claim. In response, Plaintiff simply asserts, without elaboration, that "[a]ny alleged pleading deficiencies could be corrected through amendment[.]" Plaintiff does not explain what additional facts she could plead, does not identify any specific inaccuracy she could allege, and does not suggest that amendment would do anything other than repackage the same conclusory allegations in different words. A bare request for leave to amend, unsupported by any indication that amendment would cure the deficiencies identified, does not warrant further opportunity to replead.

Moreover, as the Motion noted, this is not Plaintiff's first action against CRA Defendants before this Court. Plaintiff previously initiated *Guerrero v. Transunion LLC et al*, Case No. 5:25-cv-01443-FB, raising substantially similar allegations, and failed to prosecute that case to the point that a Magistrate Judge recommended dismissal under Rules 41(b) and 16(f). Plaintiff's Opposition does not address this history or explain why the instant action is anything other than an attempt to evade the consequences of her prior default. Granting leave to amend under these circumstances would reward serial, meritless litigation and waste judicial resources.

## IV. CONCLUSION

For all the foregoing reasons, CRA Defendants respectfully request that the Court grant their Motion to Dismiss (Dkt. 8), dismiss Plaintiff's Complaint in its entirety with prejudice, and award CRA Defendants their fees and costs incurred in defending this action, including reasonable attorneys' fees, together with such other and further relief as the Court deems just and equitable.

DATED: June 24, 2026.

Respectfully submitted,

*/s/ Steven J. Owens*

Steven J. Owens
Texas State Bar No. 24098212
SOwens@kasowitz.com
**KASOWITZ LLP**
1415 Louisiana Street, Suite 2100
Houston, TX 77002
(713) 220-8800
(713) 222-0843 Fax

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

*/s/ Forrest M. "Teo" Seger III*
Forrest M. "Teo" Seger III
Texas State Bar No. 24070587
TSeger@clarkhill.com
**CLARK HILL PLC**
2301 Broadway St.
San Antonio, Texas 78215
(210) 250-6000
(210) 250-6100 Fax

*Counsel for Defendant*
*Equifax Information Services LLC*

*/s/ Sean M. Moloney*
Sean M. Moloney
Texas State Bar No. 24122831
smoloney@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
(214) 560-5442
(214) 871-2111 Fax

*Counsel for Defendant*
*Trans Union LLC*

## CERTIFICATE OF SERVICE

I hereby certify on this 25th day of June 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Forrest Mathew Seger , III
TSeger@clarkhill.com
Clark Hill PLC
2301 Broadway Street
San Antonio, TX 78215
(210) 250-6162
(210) 250-6100 Fax
***Counsel for Equifax, Inc.***

Steven J. Owens
sowens@kasowitz.com
Kasowitz LLP
1415 Louisiana Street, Suite 2100
Houston, TX 77002
(713) 220-8800
(713) 222-0843 Fax
***Counsel for Experian Service Corp.***

I further certify that a true and correct copy of the foregoing document was served on the following parties via First Class U.S. and Electronic Mail and properly addressed as follows:

Alma Lilia Guerrero
almasfreeworld@gmail.com
7342 Oak Manor Drive, Apt. 1201
San Antonio, TX 78229
***Pro Se Plaintiff***

*/s/ Sean Moloney*
**SEAN MOLONEY**