**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| Alma Lilia Guerrero,<br><br>Plaintiff,<br><br>vs.<br><br>Equifax, Inc.; Experian Service Corp.; TransUnion LLC; and Truist Bank,<br><br>Defendants. | ) | **CIVIL ACTION NO. 5:26-cv-03000-OLG** |

**DEFENDANT TRUIST BANK'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

The Court should dismiss pro se Plaintiff Alma Lilia Guerrero's ("Plaintiff") claims against Truist Bank ("Truist") in her Complaint for failure to state a claim upon which relief can be granted pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6). As detailed herein, Plaintiff makes two claims against Truist under the Fair Credit Reporting Act ("FCRA"), both of which fail.

First, Plaintiff alleges that Truist violated 15 U.S.C. § 1681e(b) for failing to implement reasonable procedures to assure maximum possible accuracy. But that provision of the FCRA applies only to a Consumer Reporting Agency ("CRA") like co-Defendants Equifax, Experian, and TransUnion, not to a furnisher of data like Truist. Because Truist is a furnisher and not a CRA, there is no viable claim against it under 15 U.S.C. § 1681e(b).

Second, Plaintiff alleges that Truist failed to conduct a reasonable investigation under 15 U.S.C. § 1681s2-(b), but that claim also fails because Plaintiff does not identify any inaccuracy or inaccurate information that Truist is alleged to have failed to investigate and correct or delete. Because a factual inaccuracy is a threshold requirement for any successful claim against a furnisher

like Truist under the FCRA, Plaintiff's claims under 15 U.S.C. § 1681s2-(b) must also be dismissed.

## SUMMARY OF ALLEGATIONS RELEVANT TO THIS MOTION[1]

Plaintiff filed her Complaint ("Complaint") in this Court on May 6, 2026. (*See* Complaint ("Compl."), Dkt. 1.) In her Complaint, Plaintiff alleges that she has an account with Truist, and she alleges that Truist is inaccurately reporting certain data fields on her account with Truist to the CRAs.[2] (*See* Compl., at ¶¶73-76.)

Plaintiff apparently separates out her claims under the FCRA against each Defendant in the Complaint by labeling it a separate "suit." (*See id.*, at pp. 17, 23, 29, 33.) In "Suit 4" against Truist, Plaintiff appears to assert two substantive causes of action against Truist.[3] (*See id.*, at pp. 33-36.) Under "Cause of Action 1," Plaintiff alleges that Truist violated the FCRA because Truist "failed to conduct a reasonable investigation, failed to review all relevant information provided by Plaintiff, failed to correct or delete unverifiable information, and continued furnishing disputed information in violation of 15 U.S.C. § 1681s-2(b)." (*Id.*, at ¶¶14, 21, 34, 92.)

As to "Cause of Action 1," Plaintiff alleges that she made a dispute with the CRAs and "specifically challenged materially inaccurate, incomplete, and unverifiable reporting regarding" her account at Truist, "including but not limited to the following disputed data fields:" Date

---

1 In deciding a motion to dismiss, all well-pled factual allegations in the Complaint are to be accepted as true and construed in the light most favorable to the Plaintiff. *See, e.g., Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). Accordingly, the facts recited herein are the facts as alleged in Plaintiff's Complaint. Although Plaintiff has failed to state a claim from these facts, Truist reserves the right to challenge Plaintiff's allegations should any claim remain pending against Truist.

2 The Complaint does not make clear what kind of Account is at issue in this case.

3 Plaintiff's "Cause of Action 3" against Truist purportedly arises under 15 U.S.C. §§ 1681n and 1681o, which discuss damages; they do not provide a stand-alone cause of action against Truist apart from 15 U.S.C. § 1681s-2(b). *See Hall v. LVNV Funding, L.L.C.*, 738 F. App'x 335, 335 (5th Cir. 2018) (per curiam).

Opened, High Credit, Balance, Credit Limit, Date Last Reported, Date Last Active, and Date of Last Payment. (*Id*., at ¶75.) This is the only information that Plaintiff provides regarding the alleged inaccuracies that Truist purportedly failed to investigate. (*See generally* Compl.) Plaintiff does not allege what is inaccurate about the reported high credit limit, the balance, the date last active, the date last reported, the date of last payment, nor the payment history. (*See id*.)

In Suit 4, "Cause of Action 2" against Truist, Plaintiff alleges that "Pursuant to 15 U.S.C. § 1681 e(b), furnishers and reporting entities must ensure maximum possible accuracy of information reported," (*id*., at ¶258) and that Truist violated 15 U.S.C. § 1681e(b) because "failed to implement reasonable procedures to assure maximum possible accuracy." (*Id*., at ¶¶259-264.)

**APPLICABLE LEGAL STANDARDS**

In addressing a motion to dismiss under Rule 12(b)(6), the Court must determine whether the Complaint contains sufficient factual matter, accepted as true, to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard requires that the plaintiff show "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678-79.

Under federal pleading standards, the Court "accept[s] as true all well-pleaded facts and construe the complaint in the light most favorable to the plaintiff," but the Court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Norsworthy v. Hous. Indep. Sch. Dist*., 70 F.4th 332, 336 (5th Cir. 2023). Motions to dismiss for failure to state a claim "are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). While pro se pleadings are to be construed liberally, that does not "excuse [a] pro se litigants' failure to comply

with the pertinent rules of procedure and substantive law." *Houston v. Venneta Queen*, 606 F. App'x 725, 730 (5th Cir. 2015), abrogated on unrelated grounds by *Miller v. Dunn*, 35 F.4th 1007 (5th Cir. 2022).

## ARGUMENT AND CITATION OF AUTHORITIES

### A. There is no legally cognizable claim against Truist for violation of 15 U.S.C. § 1681e(b).

Though the Court does not need to accept legal conclusions pled by Plaintiff as true, *Norsworthy*, 70 F.4th at 336, Plaintiff correctly identifies Truist in the Complaint as a "furnisher of credit information" under the FCRA. (Compl., ¶13.) As the Fifth Circuit has explained, a furnisher of data under the FCRA like Truist has certain duties to investigate and respond to "indirect" disputes that it receives from a CRA like co-Defendants Equifax, Experian, and TransUnion. *See, e.g.*, *Schultz v. HomeBridge Fin. Servs., Inc.*, No. 24-50193, 2025 WL 1467431, *2 (5th Cir. May 22, 2025) (discussing credit furnisher's duties under the FCRA).

But 15 U.S.C. § 1681e(b) of the Fair Credit Reporting Act does not apply to furnishers—by its own text, that provision applies only to a "consumer reporting agency." 15 U.S.C. § 1681e(b). The statute provides that when "a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." *Id.*

Given the statutory text's explicit reference to a "consumer reporting agency," courts have universally held that 15 U.S.C. § 1681e(b) applies only to CRAs and does not apply to furnishers of information like Truist. *See Croft v. Bayview Loan Servicing, LLC*, 176 F. Supp. 3d 582, 588 (D.S.C. 2016) ("because Defendant Bayview is a furnisher of information to the consumer reporting agencies, but not a consumer reporting agency itself, Plaintiff's allegation of a § 1681e(b) violation against Defendant Bayview is without merit"); *Caltabiano v. BSB Bank & Tr. Co.*, 387

F. Supp. 2d 135, 140 (E.D.N.Y. 2005) ("BSB is a furnisher of information and not a 'consumer reporting agency' as defined by § 1681a(f). Plaintiff has not refuted this assertion. As a result of not being a 'consumer reporting agency', claims against BSB under 15 U.S.C. §§ 1681e, 1681g, and 1681i are dismissed.") (internal citations and quotation marks omitted); *see also Grant v. RentGrow, Inc.*, No. SA-21-CV-1172-JKP, 2023 WL 5813140, *5 (W.D. Tex. Sept. 6, 2023) ("Section 1681e governs compliance procedures applicable to every *consumer reporting agency* ("CRA").") (emphasis added).[4]

Because Truist is a furnisher of information under the FCRA, not a CRA, 15 U.S.C. § 1681e(b) does not apply to it, and Truist cannot be held liable to Plaintiff for any alleged violation of 15 U.S.C. § 1681e(b). *See Croft*, 176 F. Supp. 3d at 588; *Caltabiano*, 387 F. Supp. 2d at 140. Accordingly, "Suit 4," "Cause of Action 2" against Truist in the Complaint must be dismissed because it fails to state a legally cognizable claim against Truist. *Ramming*, 281 F.3d at 161.

**B. Plaintiff does not allege a plausible claim against Truist under 15 U.S.C. § 1681s–2(b).**

In order for Plaintiff to maintain a cause of action against a furnisher like Truist for an alleged violation of 15 U.S.C. § 1681s–2(b), Plaintiff must demonstrate that there is some inaccuracy in the data being reported by Truist. *See Hall v. LVNV Funding, L.L.C.*, 738 F. App'x

---

[4] *See also, e.g.*, *Peterson v. Great Midwest Bank*, No. 25-C-1386, 2026 WL 115014, *5 (E.D. Wis. Jan. 15, 2026) ("Plaintiff's § 1681e(b) claim that the Movant Defendants failed to ensure maximum possible accuracy in his credit report fails as to all three of the Movant Defendants for the simple reason that they are information furnishers, not CRAs"); *Driscoll v. Cmty. Loan Servicing LLC*, No. 24-CV-0526 (PJS/DLM), 2025 WL 315959, *2 (D. Minn. Jan. 28, 2025) (holding that § 1681e(b) "does not apply to furnishers"); *Bass v. Aidvantage Fed. Student Loan Servicing*, No. 3:24-CV-279, 2024 WL 4296952, *2-3 (W.D. Ky. Sept. 25, 2024) (holding that plaintiff's complaint "fail[s] to state a claim upon which relief can be granted under FCRA § 1681e(b) and § 1681i because these subsections create a private right of action against CRAs, not furnishers"); *Buford v. TD Bank USA/Target Credit*, No. 1:22-CV-1845-AT-JCF, 2023 WL 4996637, *2 (N.D. Ga. May 18, 2023) (dismissing plaintiff's claim because "15 U.S.C. § 1681e(b), applies to consumer reporting agencies, not to furnishers of consumer information such as Defendant") (report and recommendation adopted, No. 1:22-CV-1845-AT, 2023 WL 4996582 (N.D. Ga. June 7, 2023).

335, 335 (5th Cir. 2018) (per curiam) (affirming summary judgment for furnisher under FCRA where the record "does not reflect any inaccuracy in the information furnished"); *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 805-06 (N.D. Tex. 2014) (dismissing complaint where plaintiff "fail[ed] to specify, and nothing in the complaint indicates, the false, negative information that Radiology, AHFC, and CSI allegedly supplied Experian and that they failed to correct or delete from his credit report"); *Parsell v. First Tech Fed. Credit Union*, No. SA-22-CV-01002-XR, 2025 WL 687965, *4 (W.D. Tex. Mar. 3, 2025) ("To establish that a furnisher of information has violated its duties under 15 U.S.C. § 1681s-2(b), a consumer must prove four elements: (1) the furnisher provided inaccurate credit information about Plaintiff to a CRA;….").

Here, as in *Shaunfield*, Plaintiff's "assertions read more like a recitation of the elements of a § 1681s–2(b) claim than specific allegations of wrongdoing." 991 F. Supp. 2d at 806. Plaintiff never explains in her Complaint *how* any of the various fields she claims are being reported by Truist inaccurately are supposedly "materially inaccurate." (*See generally* Compl.) Instead, Plaintiff just lists out the various data fields on her credit report that she alleges she disputed without alleging what Truist is inaccurately reporting about those data fields. (*See, e.g.*, Compl., at ¶75.) Such general allegations and bare conclusions that the reporting is "materially inaccurate" are insufficient under federal pleading standards to plausibly state a claim for relief under the FCRA. *Shaunfield*, 991 F. Supp. 2d at 805-06; *see also Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 556. For this reason, the Court should dismiss Plaintiff's claims against Truist under 15 U.S.C. § 1681s2-(b) in "Suit 4," "Cause of Action 1."

## CONCLUSION

For all of the foregoing reasons, Plaintiff's claims against Truist under the FCRA are due to be dismissed pursuant to Rule 12(b)(6) for failure to state claim.

Respectfully submitted, this 25th day of June, 2026.

*/s/ Jessie R. Manzewitsch*
**JESSIE R. MANZEWITSCH PULERO**
Texas Bar No. 24125659
jmanzewitsch@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
600 Travis Street, Suite 5600
Houston, Texas 77002
Telephone (713) 310-3076
Facsimile (713) 675-0301
***ATTORNEY FOR TRUIST BANK***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of June, 2026, I have served a copy of the within and foregoing **DEFENDANT'S MOTION FOR PARTIAL DISMISSAL FOR FAILURE TO STATE A CLAIM AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT** upon all parties to this matter by electronically filing a copy of same with the Court's CM/ECF system, which will automatically send an electronic copy to all counsel of record, and by sending a copy via U.S. Mail, proper postage affixed, to plaintiff as follows:

Alma Guerrero
7342 Oak Manor Drive
Apartment 1201
San Antonio, Texas 782229
*Pro Se Plaintiff*

*/s/ Jessie R. Manzewitsch Pulero*
Jessie R. Manzewitsch Pulero