IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ALMA LILIA GUERRERO,
Plaintiff,

v.

EQUIFAX, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION LLC; and TRUIST BANK,
Defendants.

## Case No. 5:26-cv-03000-OLG-HJB

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT TRUIST BANK'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

TO THE HONORABLE COURT:

Plaintiff Alma Lilia Guerrero, proceeding pro se, respectfully files this Response in Opposition to Defendant Truist Bank's Motion to Dismiss for Failure to State a Claim and Incorporated Memorandum of Law in Support. Plaintiff respectfully requests that the Court deny Truist Bank's Motion or, in the alternative, grant Plaintiff leave to amend.

# I. INTRODUCTION

Defendant Truist Bank asks the Court to dismiss Plaintiff's Fair Credit Reporting Act claims at the pleading stage. Truist's Motion primarily argues that Plaintiff's Complaint does not sufficiently identify the inaccurate information at issue and that 15 U.S.C. § 1681e(b) does not apply to Truist because Truist is a furnisher rather than a consumer reporting agency.

Plaintiff respectfully submits that her Complaint, read as a whole and viewed in the light most favorable to Plaintiff, alleges sufficient facts to state a plausible claim against Truist under the Fair Credit Reporting Act, including 15 U.S.C. § 1681s-2(b). Plaintiff alleged that Truist furnished disputed account information to consumer reporting agencies, received notice of Plaintiff's disputes, failed to reasonably investigate, failed to correct or delete unverifiable information, and continued furnishing disputed information.

To the extent the Court determines that Plaintiff's pleading should more clearly separate claims against consumer reporting agencies from claims against furnishers, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice.

# II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the Complaint states a plausible claim for relief. At this stage, the Court accepts well-pleaded factual allegations as true and views those allegations in the light most favorable to the plaintiff.

Plaintiff is not required at the pleading stage to prove her entire case, prove damages, or produce all evidence supporting her claims. The question is whether the Complaint gives sufficient notice of the claim and alleges facts that, if accepted as true, support a plausible entitlement to relief.

# III. PLAINTIFF ALLEGED TRUIST IS A FURNISHER OF CREDIT INFORMATION

Plaintiff's Complaint identifies Truist Bank as a financial institution and furnisher of credit information. Plaintiff alleged that Truist furnished information concerning Account No. 451336000180** to Equifax, Experian, and TransUnion.

Plaintiff further alleged that the Truist account information was materially inaccurate, incomplete, misleading, and unverifiable. Plaintiff identified the disputed account and the disputed reporting fields, including Date Opened, High Credit, Balance, Credit Limit, Date Last Reported, Date Last Active, and Date of Last Payment.

These allegations are sufficient to place Truist on notice of the account, the reporting relationship, and the disputed information at issue.

# IV. PLAINTIFF'S PRIMARY CLAIM AGAINST TRUIST IS PROPERLY BASED ON FURNISHER DUTIES UNDER 15 U.S.C. § 1681s-2(b)

Truist argues that 15 U.S.C. § 1681e(b) applies only to consumer reporting agencies and not to furnishers. Plaintiff understands Truist's position on this issue.

However, Plaintiff's Complaint also expressly alleges that Truist violated 15 U.S.C. § 1681s-2(b), which governs duties imposed on furnishers after receiving notice of a consumer dispute from a consumer reporting agency.

Plaintiff alleged that Truist failed to conduct a reasonable investigation, failed to review all relevant information provided by Plaintiff, failed to correct or delete unverifiable information, and continued furnishing disputed information.

Therefore, even if the Court determines that § 1681e(b) does not apply to Truist as a furnisher, that does not require dismissal of Plaintiff's § 1681s-2(b) claim.

# V. PLAINTIFF ALLEGED FACTS SUPPORTING NOTICE AND FAILURE TO INVESTIGATE

Plaintiff alleged that she disputed the Truist account and disputed reporting fields through written dispute correspondence and consumer reporting agency disputes.

Plaintiff alleged that on January 10, 2026, she mailed a formal furnisher dispute to Truist Bank via USPS Certified Mail concerning Account No. 451336000180**.

Plaintiff alleged that the dispute challenged materially inaccurate, incomplete, and unverifiable reporting concerning the Truist account.

Plaintiff alleged that USPS records confirmed delivery of the dispute and that signature documentation confirmed Truist's receipt and notice.

Plaintiff further alleged that Truist failed to provide a substantive written response, failed to provide documentary verification, failed to conduct a reasonable investigation, and continued furnishing disputed account information.

These allegations directly support a plausible claim that Truist failed to comply with its duties as a furnisher.

## VI. TRUIST'S ARGUMENT ABOUT "SPECIFIC INACCURACY" SHOULD NOT RESULT IN DISMISSAL WITH PREJUDICE

Truist argues that Plaintiff did not plead enough detail about how each disputed field was inaccurate. Plaintiff respectfully disagrees that dismissal is warranted.

Plaintiff identified the specific account, the disputed reporting fields, the dispute dates, the certified mail tracking, the alleged failure to investigate, the continued furnishing of disputed information, and damages arising from continued inaccurate reporting.

At this stage, Plaintiff is not required to prove the ultimate accuracy or inaccuracy of each field. Discovery is necessary to determine what Truist received, what Truist reviewed, what Truist verified, what information Truist sent to the consumer reporting agencies, and what documents support Truist's reporting.

Whether Truist's investigation was reasonable and whether the disputed information was accurate, incomplete, misleading, or unverifiable are factual issues that should not be resolved on a Rule 12(b)(6) motion.

## VII. ALTERNATIVELY, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

If the Court determines that Plaintiff's Complaint does not plead sufficient detail regarding the specific inaccuracies associated with the Truist account, Plaintiff respectfully requests leave to amend.

Plaintiff can amend to provide additional factual detail concerning the disputed Truist account, including the specific reporting fields, the disputed values, the basis for disputing those values, the dispute history, and the harm caused by the continued reporting.

Dismissal with prejudice would be improper where any pleading deficiency can be corrected through amendment.

## VIII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Truist Bank's Motion to Dismiss.

Alternatively, if the Court determines additional factual allegations are necessary, Plaintiff respectfully requests leave to amend her Complaint rather than dismissal with prejudice.

Respectfully submitted,

*/s/ Alma Lilia Guerrero*
Alma Lilia Guerrero
Plaintiff, Pro Se
7342 Oak Manor Drive, Apt. 1201
San Antonio, Texas 78229
almasfreeworld@gmail.com
(210) 323-3888

## CERTIFICATE OF SERVICE

I hereby certify that on this _28 _day of _JUNE_, 2026, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are registered CM/ECF users.

Respectfully submitted,

*/s/ Alma Lilia Guerrero*
Alma Lilia Guerrero
Plaintiff, Pro Se