**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| Alma Lilia Guerrero,<br><br>Plaintiff,<br><br>vs.<br><br>Equifax, Inc.; Experian Service Corp.; TransUnion LLC; and Truist Bank,<br><br>Defendants. | ) | **CIVIL ACTION NO. 5:26-cv-03000-OLG** |

**DEFENDANT TRUIST BANK'S MOTION TO STAY DISCOVERY AND RELATED PRETRIAL DEADLINES PENDING RESOLUTION OF TRUIST BANK'S MOTION TO DISMISS**

Defendant Truist Bank ("Truist") recently filed a motion to dismiss for failure to state a claim seeking to have all of Plaintiff's claims against Truist Bank dismissed. (*See* Dkt. 21.) Previously, co-Defendants Equifax, Inc. ("Equifax"), Experian Service Corp. ("Experian"), and TransUnion LLC ("TransUnion") also moved to dismiss Plaintiff's claims against them. (*See* Dkt. 8.) Given that the pending motions to dismiss filed by each of the Defendants in this case is potentially dispositive as to all of Plaintiff's claims in this case, Truist respectfully moves the Court to stay discovery, the Parties' Rule 26(f) conference, the Initial Pretrial Conference, and all related discovery and pre-trial deadlines pending resolution of these motions.

**Factual and Procedural Background**

Plaintiff filed this action on May 6, 2026. (Dkt. 1.) On June 16, 2026 Equifax, Experian, and TransUnion jointly filed a motion to dismiss for failure to state a claim seeking dismissal of all of Plaintiff's claims against Equifax, Experian, and TransUnion. (Dkt. 8.) On June 17, 2026 the Court referred the case to Magistrate Judge Henry J. Bemporad. (Dkt. 9.) On June 25, 2026 Truist

filed a motion to dismiss for failure to state a claim seeking dismissal of all of Plaintiff's claims against Truist. (Dkt. 21.) On June 26, 2026 the Court entered an Order setting the Video Initial Pretrial Conference ("IPC") for August 14, 2026 and setting various other pre-trial deadlines including the deadline for a Rule 26(f) Report, Scheduling Recommendations, and other related deadlines (the "IPC Order"). (Dkt. 22.)

**Legal Standard**

"The district court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quotation marks omitted) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)); *see also Petrus*, 833 F.2d at 583 (holding that district court properly stayed discovery pending disposition of motion to dismiss). The court may stay discovery for "good cause" under Federal Rule of Civil Procedure 26(c)(1). *Petrus*, 833 F.2d at 583.

Good cause "may exist when resolving a motion to dismiss might reduce or preclude the need for discovery or when further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions." *Alkane Midstream, LLC v. Mesa Nat. Gas Sols., LLC*, No. MO:25-CV-00214-DC-RCG, 2026 WL 562719, *1 (W.D. Tex. Feb. 19, 2026) (quotation marks omitted) (Griffin, J.). The same inherent power and power under Rule 26 allows the district court to stay related discovery and pre-trial deadlines, such as the deadline to hold a Rule 26(f) conference and serve initial disclosures. *See, e.g.*, *Norman v. Travelers Ins. Co.*, No. 3:19-CV-2351-S-BN, 2019 WL 6250782, *2 (N.D. Tex. Nov. 22, 2019) (staying all discovery-related and other pre-trial deadlines pending a ruling on defendant's motion to dismiss).

**Argument and Citation to Authorities**

Truist's and its co-Defendants' pending motions to dismiss for failure to state a claim (Dkt.

8, 21 the "Motions to Dismiss") warrant a stay of discovery and all related deadlines, including the deadlines provided in the IPC Order in this case. If the Motions to Dismiss are granted, it would dispose of this case entirely and eliminate the need for a Rule 26(f) conference and any discovery. The time and resources that the Parties would expend on a Rule 26(f) conference and report, drafting initial disclosures, participating in the IPC and participating in discovery will have been spent unnecessarily if the Court grants the Motions to Dismiss. Even if only one of the two pending Motions to Dismiss is granted or if the Motions are granted in part, it would still greatly impact the scope of discovery, the IPC, and the need for participation in a Rule 26(f) conference.

Accordingly, as detailed above, requiring the defendants to participate in discovery and comply with certain of the early pre-trial obligations set forth in the IPC Order and the Federal and Local Rules would be premature at this juncture given the pending potentially case-dispositive Motions to Dismiss. (*See* Dkt. 8, 21.) This provides the Court with good cause under Rule 26 to stay all discovery and related pre-trial deadlines, and such a stay would be appropriate under the facts and circumstances of this case. *See Fujita*, 416 F. App'x at 402; *Petrus*, 833 F.2d at 583; *Alkane Midstream, LLC*, 2026 WL 562719, at *1; *Norman*, 2019 WL 6250782, at *2.

## Rule CV-7(G) Statement

The undersigned counsel for Truist certifies that they have conferred with counsel for Equifax, Experian, and TransUnion regarding this Motion and the relief requested herein, and those Defendants **do** consent to the Motion and the relief requested herein. The undersigned counsel for Truist further certifies that they have separately conferred with pro se Plaintiff Alma Guerrero and Plaintiff **does not** consent to the Motion and the relief requested herein.

## Conclusion

For the foregoing reasons, Truist respectfully moves this Court to stay discovery as well as

the Parties' Rule 26(f) conference, the deadlines contained in the IPC Order, and all other related deadlines in this case pending the Court's resolution of the Motions to Dismiss. (Dkt. 8, 21.) Truist attaches a proposed order to this Motion for the Court's consideration.

Respectfully submitted, this 15th day of July, 2026.

*/s/ Erik J. Badia*
**ERIK J. BADIA**
*Admitted Pro Hac Vice*
ebadia@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
Promenade Tower
1230 Peachtree St. NE, Suite 2100
Atlanta, Georgia 30309
Telephone (404) 868-2015

**JESSIE R. MANZEWITSCH PULERO**
Texas Bar No. 24125659
jmanzewitsch@bradley.com
BRADLEY ARANT BOULT CUMMINGS LLP
600 Travis Street, Suite 5600
Houston, Texas 77002
Telephone (713) 310-3076
Facsimile (713) 675-0301

***ATTORNEYS FOR TRUIST BANK***

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I have caused to be served a copy of the within and foregoing **DEFENDANT'S MOTION FOR PARTIAL DISMISSAL FOR FAILURE TO STATE A CLAIM AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT** upon all parties to this matter by electronically filing a copy of same with the Court's CM/ECF system, which will automatically send an electronic copy to all counsel of record, and by sending a copy via U.S. Mail, proper postage affixed, to plaintiff as follows:

Alma Guerrero
7342 Oak Manor Drive
Apartment 1201
San Antonio, Texas 782229
*Pro Se Plaintiff*

This 15th day of July, 2026.

*/s/ Erik J. Badia*
Erik J. Badia